GEORGE CURTIS, Appellant, *v.* ANSON ROOT, Appellee.

A mortgage given for the purchase money of land, executed simultaneously with the deed, takes precedence of a judgment against the mortgagor. And the principle is the same if the mortgage is to another than the vendor, who actually advances the means to pay the purchase money.

An equity of redemption in land, is a saleable interest, on execution.

THIS was an action of ejectment. The venue was changed from Kane to Kendall Circuit Court.

Declaration, plea and issue in usual form.

Curtis *v.* Root.

At September term, 1854, a jury was waived, and the cause was tried by the court.

Issue found for Curtis. Judgment for costs against Root.

At September term, 1855, a new trial was granted to Root, under the statute.

At April term, 1857, cause was tried by court and jury on following facts agreed, and some other evidence, to wit: agreed, in April term, 1845, that judgments were rendered in Kane Circuit Court against Ambrose, one for $833.72 and costs, in favor of Weed & Co.; one for Rossetter for $361.49; *fi. fa.* issued immediately and levied on Ambrose's store of goods at Elgin, sufficient to pay the same. Ambrose, with Root as his surety, gave delivery bond for the goods, to the sheriff. Ambrose then gave Root a chattel mortgage on the goods, to indemnify him as surety, and the goods were left with Ambrose for sale.

Ambrose and Root appealed the cases to the Supreme Court. In the meantime Ambrose, by Root's consent, sold and exchanged the goods to Morgan and Padleford, for the land in question, and a house and lot in Elgin. The deed dated 22nd July, 1845, acknowledged 28th, recorded 7th August, 1845. Ambrose gave Root a mortgage on the land and house and lot aforesaid, bearing date August 1st, 1845, recorded on 7th, as an indemnity for becoming his security as aforesaid.

The appeals were dismissed in December, 1845.

On January 21st, 1846, *fi. fa.* issued to sheriff on Weed & Co.'s judgment, returned by order of attorney.

July 14th, 1846, another *fi. fa.* issued thereon, which was levied on said lands, which were duly advertised. The land was sold on 15th August, 1846, to Harvey, for two hundred dollars; Harvey sold and assigned the certificate of purchase to Spencer, and he sold and assigned to Havens. Not being redeemed, the sheriff, on 7th February, 1850, conveyed the land to Havens, who sold and conveyed it to the appellant, and his deed was of record before this suit was brought.

On 18th February, 1847, Root filed his bill to foreclose his mortgage against Ambrose.

Decree in 1849; and the mortgage property sold to Root by the master, and deed made 15th November, 1850, which was recorded.

All judgments, decrees, sales and deeds aforesaid are in due form, and it appears that Curtis was in possession when this suit was brought.

Root then offered in evidence Morgan's and Padleford's depositions, taken on his part. Curtis objected. His objections overruled, and he excepted.

*Morgan* testified he conveyed the land to Ambrose in exchange for the goods; Root released goods, or indemnified him. He traded with Ambrose. Thinks Root took a mortgage from Ambrose, about that time, on the land; thinks it was one transaction; won't say for certain.

*Padleford* testified to same; also, that Ambrose mortgaged back to him the house and lot for a balance over the value of the goods, which is dated 22nd July, 1845, acknowledged 28th, and recorded 30th July, 1845.

*Spalding* testified he was sheriff, and sold the land on Weed & Co.'s execution. Before the levy he asked Root to pay the money; Root said that Ambrose had lands, and he (sheriff) must sell them to satisfy the execution, and he (Root) would bid on them; that Root was present at the sale of the land to Harvey.

*Spencer* testified that he attended the sale with Root, at Root's request. He subsequently bought of Harvey the sheriff's certificate of sale, at Root's request.

This was all the evidence.

At Root's request, the court told the jury, if they believe, from the evidence, that the mortgage by Ambrose to Root was given to secure the payment of the purchase money paid for the farm in question, and that the giving of the deed to Ambrose and the mortgage to Root was one transaction, then the mortgage was a lien, and had preference over the judgment against Ambrose, and the jury should find for the plaintiff, (Root,) provided the jury believe, from the testimony, that the defendant, (Curtis,) had notice of such mortgage, and the purposes for which it was given, prior to his purchase of said land.

Curtis asked the court to instruct the jury:

First. That a judgment in the Circuit Court of this State is a lien, from the last day of the term, upon all the lands and real estate of the defendant, within the county, for seven years, if execution be issued within a year on such judgment, and that such lien affects as well the lands acquired by the defendant after, as those owned by him at the time judgment was rendered.

Second. That the lien of the judgment is not defeated by an appeal to the Supreme Court, if such appeal be dismissed. The appeal may suspend, but not destroy the lien.

Third. That the judgment in favor of Weed & Co., against Ambrose, was a lien upon the land described in the declaration, the moment the title to said land was acquired by said Ambrose, and no subsequent mortgage or conveyance thereof, by Ambrose, could destroy the lien.

Fourth. If a party having claim to lands, stand by and allow the same to be sold to another without objecting, or making known his claim, he is estopped from afterwards setting up such claim against the rights of the purchaser at such sale.

The court gave the first and second instructions as asked, and gave the third by adding: " This is the law, unless the jury believe, from the evidence, that the mortgage by Ambrose to Root was given to secure the payment of the purchase money paid for the land in question, and that the giving of the deed to Ambrose, and the mortgage to Root, was one transaction, and that the defendant, Curtis, had notice of such facts prior to his purchase of said land."

The fourth he gave, with this qualification, to wit: " This is the law in relation to property, the title to which is not made a matter of record, and by the law made constructive notice of such right or title when recorded."

To the giving of these instructions, as qualified by the court, Curtis excepted.

The jury returned the following verdict: " We, the jury, find for the plaintiff, Root, and that he is possessed of the title of the land in fee simple."

Curtis then moved for a new trial, upon the following grounds:

First. Because the verdict is contrary to law and evidence.

Second. Because the court erred in admitting the depositions of Morgan and Padleford in evidence.

Third. Because the court erred in giving the plaintiff's instructions, and also in qualifying those asked by Curtis.

Which motion the court overruled, and Curtis excepted to that opinion of the court. Judgment on the verdict aforesaid.

Curtis assigns for error:

That the Circuit Court erred in the instructions given to the jury, and in every member, branch and part thereof.

The said court erred in overruling the motion for a new trial.

The said court erred in allowing the depositions of Morgan and Padleford to be read in evidence to the jury.

The verdict is against law and evidence.

That the judgment is erroneous in substance and form, and not warranted by the verdict, or by law.

MORRIS & BLACKWELL, for Appellants.

B. C. COOK, for Appellee.

CATON, C. J. Without examining the evidence in detail, it is sufficient to say, that we do not feel called upon to reverse

this judgment, for the reason that the jury were not warranted by the evidence to find the facts as they did by their verdict.

The principal questions arise upon the instructions. The instruction given for the plaintiff, and to which exception was taken, is this: "If the jury believe, from the evidence, that the mortgage by Ambrose to Root was given to secure the payment of the purchase money paid for the farm in question, and that the giving of the deed to Ambrose and the mortgage to Root by Ambrose was one transaction, then the mortgage was a lien, and had preference over the judgment against Ambrose, and the jury should find for the plaintiff, provided the jury believe, from the testimony, that the defendant, Curtis, had notice of such mortgage, and the purpose for which it was given prior to the time he purchased the land in question."

It is a principle of law too familiar to justify a reference to the authorities, that a mortgage given for the purchase money of land and executed at the same time the deed is executed to the mortgagor, takes precedence of a judgment against the mortgagor. The execution of the deed and of the mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands and vests in the mortgagee without stopping at all in the purchaser, and during such instantaneous passage the judgment lien cannot attach to the title. This is the reason assigned by the books, why the mortgage takes precedence of the judgment rather than any supposed equity which the vendor might be supposed to have for the purchase money; though that consideration may have originated the rule at the first. Indeed, nearly all the cases to be met with, are cases where the mortgage has been given to the vendor and for the purchase money. Such was not the case before us. The facts were, that the lands were purchased with goods, which might be considered as equitably belonging to the mortgagee, and which the mortgagor sold to the vendor for the land with the consent of the mortgagee, so that in substance the transaction was the same as if the purchase money had been paid by the mortgagee, who took the mortgage to secure himself for the purchase money thus advanced, and the jury have found, and we think properly, that the execution of the deed and mortgage were simultaneous acts. This brings the case within the letter and the equity of the rule as first stated. In point of right and principle, it can make no difference whether the mortgage is given to the vendor for the purchase money, or to another who actually advances the means to pay the purchase money to the vendor. It is unnecessary now to say whether a mortgage to a third person for an independent consideration and having no connection with

the purchase of the land, but executed at the same time with the deed, would occupy the same position or not. The instruction was properly given.

The defendant asked the court to give this instruction to the jury, "That the judgment in favor of Weed & Co., against Ambrose, was a lien upon the land described in the declaration, the moment the title to said land was acquired by said Ambrose, and no subsequent mortgage or conveyance thereof, by Ambrose, could destroy the lien;" which the court gave with this qualification: "This is the law, unless the jury believe from the evidence, that the mortgage by Ambrose to Root was given to secure the payment of the purchase money paid for the land in question, and that the giving of the deed to Ambrose, and the mortgage to Root, was one transaction, and that the defendant, Curtis, had notice of such facts prior to his purchase of said land;" to which the defendant excepted. If we are right in the conclusion to which we have arrived upon the instruction given for the plaintiff, then the court was right in adding this qualification, for it asserts the same principle of law.

The fourth instruction asked by the defendant was this: "If a party having a claim to lands, stand by and allow the same to be sold to another, without objecting or making known his claim, he is estopped from afterwards setting up such claim against the rights of the purchaser at such sale;" which the court gave with this explanation: "This is the law in relation to property, the title to which is not made a matter of record, and by the law made constructive notice of such right or title when recorded;" to which the defendant excepted. This instruction might well have been refused altogether, as having no foundation in the evidence, and as being inapplicable to the case. There was no pretense of any fraudulent concealment for the purpose of inducing the purchaser at the execution sale to buy a bad title. The defendant in the execution had an equity of redemption in the land, which was a saleable interest on the execution. The mortgagee had placed his mortgage on record, which was notice to all the world of the mortgage; and neither the mortgagee, if present at the sale, nor any one else, had any right to suppose that anything but the equity of redemption was being sold, and certainly the mortgagee was not bound to go there and proclaim that nothing but the equity of redemption could be sold. We find no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*