NATHANIEL H. BOONE ET AL.

v.

MARY A. TELLES.

MORTGAGE—PRIORITY OF LIEN.—The preponderance of evidence showing that appellant Boone's deed of trust was first executed and recorded, his equities are superior to appellee's, and he is entitled to priority of payment.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. WARLOW & LEEPER, for appellants; that the decree must find the allegations of the bill to be true, or the relief prayed for will not be granted, cited Woodworth v. Huntoon, 40 Ill. 131; Mears v. Mears, 42 Ill. 50; Hall v. Towne, 45 Ill. 493; Ohling v. Luitjens, 32 Ill. 23; Mauck v. Mauck, 54 Ill. 281.

If appellant's deed was first recorded, he will, in the absence of fraud, be entitled to priority: McNary v. Southworth, 58 Ill. 473.

Messrs. KETCHAM & GRIDLEY, for appellee.

HIGBEE, P. J.   This bill was filed in the court below by appellee against appellant, to establish a priority of lien.

On the 9th day of August, 1876, appellee was the owner of an undivided eighty acres of land in Cass county, upon which appellant Boone held a mortgage to secure the payment of $295, principal and interest then due.   In addition to the sum secured by the mortgage, appellee was also indebted to Boone something over $100, making her total indebtedness to him $400.

Appellee on the said 9th day of August, contracted to sell the premises to appellant Skaggs, for the sum of $1,250, and a deed was then prepared conveying the premises to the purchaser, but it was not acknowledged and delivered until the 12th, three days after the sale.

In payment Skaggs was to assume the amount due to Boone,

and on the day the deed was delivered (the 12th), executed his note to appellee for $832, the balance, payable in eighteen months, and at the same time he executed and delivered to her a mortgage on the premises so conveyed to him, and a town lot in Chandlerville of the value of three or four hundred dollars, to secure said note. This mortgage was recorded on the 17th day of August, 1876.

On the 10th of the same month—two days before the execution of this mortgage—Skaggs made out a trust deed conveying to appellant Leeper the same lands conveyed to him by appellee, to secure to Boone the $400. This deed of trust was not signed and acknowledged until the 12th, but it was fully executed and delivered to Boone on that day, prior to the execution of the mortgage to appellee, and was recorded on the same day, three days before the mortgage was recorded.

The bill charges that this deed of trust was executed after the mortgage, and with full knowledge of the existence of the mortgage, and in fraud of the rights of appellee, and prays to have it postponed to her rights under the mortgage.

On the hearing the court decreed the mortgage to be a prior lien, and appellants bring the case here and assign the decree as error.

The deed of trust was both executed and recorded prior to the mortgage. By an arrangement between appellee, Boone and Skaggs, the latter was to become paymaster to Boone for $400 of the purchase money for the conveyance from Telles to Skaggs, two hundred and ninety-five dollars of which was already secured by a mortgage on the same lands. Appellant now claims that she was to have a prior lien to Boone for her $832, but the evidence in the record fails to show any such understanding; on the contrary, we are satisfied from all the proof in the case that it was understood between the parties that Boone was to have the prior lien. The sale was on time for the whole amount; nothing was to be paid down; Skaggs was insolvent; all parties understood that he was to become paymaster to Boone for $400, to be paid in the future, as a part of the purchase money, and that he already held a prior lien on the land for most of this amount.

Boone et al. v. Telles.

In view of this fact, appellee refused to take a mortgage for $832 on the same premises she had just sold Skaggs for $1,250, and required him to include in the mortgage the lot in Chandlerville, worth from $300 to $400.

Boone's equities are not only equal but superior to appellee's, and as his deed of trust was first executed and recorded, he is entitled to priority of payment.

The decree below is reversed and the cause remanded, with directions to the court to dismiss the bill at complainant's costs.

Reversed and remanded.

The following opinion was delivered on motion for a re-hearing in the above cause:

PER CURIAM. We do not regard the principle laid down in Curtis v. Root, 20 Ill. 53, and Christie et al. v. Hale, 46 Ill. 101, as applicable to this case. We agree with counsel for appellee that the making of the deed by Telles to Skaggs, and the mortgage back from Skaggs to Telles is one act, and so we regard the whole transaction between Telles, Skaggs and Boone.

The weight of the evidence satisfies us that it was understood between all three of them that Telles was to sell for $1250 on time; that the purchase money was to be paid by Skaggs, $417, to Boone, that being the amount due him from Telles, $300 of which was secured to him by a prior mortgage on the same premises, and $832 to Telles. This constituted the whole purchase money, and both sums were secured by them on the premises sold—the one by deed of trust, and the other by mortgage. We regard Boone's equities as superior to those of Telles, because his debt was due from Telles and secured by a prior mortgage on the same premises.

Skaggs says: I was to give Dr. Boone a lien on the land for what Telles owed him. I do not know whether it was to be a first lien or not; the contract was made in Linnes Chandler's office; myself, Dr. Boone, Telles and Linnes Chandler were present; * * he was to take lien on the land to secure the payment to him. Boone says: I told him (Telles) that I would take Skaggs for what Telles owed me, by holding the lien, for

he could not pay me the money, and Mr. Skaggs did not have it.

Chandler says $1,250 was the consideration of the conveyance—$832.80 to be paid to Telles, and $417,20 to Boone. I understood Skaggs was to step into Telles' place. I did not understand that Skaggs was to give Boone any lien on the land, but I understood from the conversation of all the parties on that day, that Skaggs was to secure Dr. Boone in some way.

Telles says Dr. Boone was not to have a mortgage, but he also says Dr. Boone never told him that he would release his mortgage and take Skaggs. "I got it from Linues Chandler."

Taking the whole testimony together, and the additional fact that Boone gave up a prior lien for most of his debt, we do not doubt that it was well understood by all parties that Boone was first to be paid, and as against Telles this is equitable, because it is the payment of her debt.

What was said in the opinion in this case about the insolvency of Skaggs at the time of the trade, was based on the abstract. In this particular we find the abstract does not agree with the record. The record fixes his doubtful circumstances at the time the bill was filed, while the abstract fixes it at the time of the trade. The motion for re-hearing is denied.

Motion denied.