Kaiser v. Lembeck.

KAISER v. LEMBECK ET AL.

1. **Mortgage:** TO SECURE PURCHASE MONEY FURNISHED BY ANOTHER. A mortgage given to a third person who furnishes the money with which property is purchased is entitled to the same protection as though it were executed to the vendor.

2. ——: ——: PRIORITY OF LIENS. Where a mortgage was given to secure money furnished to purchase an outstanding tax title, the validity of which was not questioned, upon property previously owned by the mortgagors, such mortgage was held to take precedence of mortgages executed by the same parties on the property prior to the existence of the tax title.

*Appeal from Dubuque District Court.*

TUESDAY, DECEMBER 14.

ACTION to foreclose a mortgage. It appears from the pleadings and evidence in the case that the defendants Henry Lembeck and Henry Hanover were the owners of part of a lot in the city of Dubuque. They executed a mortgage thereon to the plaintiff, and another mortgage to the defendant Kauffman. The defendant Joseph Lembeck, administrator, also held a mortgage upon the premises. After the execution and recording of these mortgages the taxes upon the property remained unpaid, and were allowed to become delinquent, and William Hintrager purchased the premises at tax sale. No redemption having been made, a treasurer's deed was made to Hintrager. His title, by virtue of his tax deed, does not appear to have been questioned. Some time afterward Henry Lembeck and Hanover applied to the defendants Schuchert and Stolteben for money to enable them to purchase the tax title of Hintrager, and offered to mortgage said property to them as security for the payment of the money necessary to make such purchase. Schuchert and Stolteben, in pursuance of such request, furnished the money required, and Hanover and Lembeck paid the same to Hintrager, who made a conveyance of the property to them. Thereupon

Hanover and Lembeck executed mortgages to Schuchert and Stolteben to secure the payment of the money advanced by them.

There was an answer filed by Stolteben, to which there was a demurrer, which was overruled. Schuchert also answered, and evidence was taken which established the foregoing facts. The District Court determined that the mortgages of Schuchert and Stolteben were entitled to priority over the mortgages of the plaintiff and the other defendants. The plaintiff and the defendant Kauffman appeal.

*S. P. Adams*, for appellant.

*D. S. Wilson* and *F. T. Walker*, for appellees.

ROTHROCK, J.—The question to be determined is whether or not Schuchert and Stolteben, having advanced the money to

1. MORTGAGE: to secure purchase money furnished by another.

purchase the property of Hintrager, and upon the conveyance from Hintrager to Lembeck and Hanover having taken mortgages from them for the purchase-money so advanced, are entitled to precedence over the other mortgages, which are prior in point of time?

In determining this question it is necessary that the status of the title of the property, and the relation of the parties thereto while Hintrager was the owner, should be kept in mind. The title which was in Lembeck and Hanover when they made their mortgages to the plaintiff, and the other parties, prior to the tax title, was divested by the tax deed. The mortgage liens were also divested. Hintrager was the owner by virtue of his tax deed, and as against him the mortgages were not liens. He held the property absolutely discharged from the liens of the mortgages. If he had taken a mortgage from Lembeck and Hanover for the purchase-money it would have been a lien superior to those of the other mortgages. The law is well settled that a mortgage

for purchase-money, made at the time of the conveyance of the property, is entitled to preference over previous judgments against the purchaser, and we think that the same equitable considerations which demand that a purchase-money mortgage shall be entitled to priority over other liens, prior in point of time, require that if a third person advances the purchase-money, and takes a mortgage from the purchaser, he should be protected the same as though the mortgage were executed to the vendor; and such seems to be the rule of the authorities.

In *Clark v. Monroe*, 14 Mass., 351, where a husband received a conveyance of land in fee, and at the same time mortgaged it to a third person who furnished the consideration for the deed, it was held that the widow of the grantee in the deed had no right to dower as against the mortgage. See, also, *Kittle v. Van Dyck*, 1 Sand., N. Y., 76; *Adams v. Hill*, 9 Foster, N. H., 202; 4 Kent's Com., 39.

In *Jackson v. Austin*, 15 John., 477, and in *Haywood v. Nooney*, 3 Barb., 645, it was held that where a purchaser of land, at the same time he receives a conveyance, executes a mortgage to a third person who advances the purchase-money for him, such mortgage is entitled to the same preference over a prior judgment as it would have had if it had been executed to the vendor himself. In *Haywood v. Nooney*, it is said: "In its legal effect it is the same as though the purchaser had executed his mortgage to the vendor for the purchase-money, and he had assigned it to the party advancing the money."

In *Curtis v. Root*, 20 Ill., 53, where it was held that a mortgage for the purchase-money of land, executed simultaneously with the deed, took precedence of a judgment against the mortgagor, whether the mortgage was to the vendor or to another who actually advanced the means to pay the purchase money, it is said: "In point of right and principle it can make no difference whether the mortgage is given to the vendor for the purchase-money, or to another who actually

advances the means to pay the purchase-money to the vendor."

These authorities seem to us to enunciate an eminently just rule, and we think the facts of this case bring it within 2. —: —: the same principle and reason. There can be no

*priority of liens.* difference in principle between the lien of a prior mortgage, which lien was lost by an overriding tax title, or the lien of a mortgage upon land which the mortgagor does not own, but afterward acquires, and the lien of a prior judgment.

We have found no authority in conflict with the cases above cited. In Ohio and Maryland a contrary rule is adopted, but the decisions in those states are based upon statutes which are held to limit the right of a purchase-money mortgage to a preference to those executed to the vendor, and to him only. See *Stasmitt v. Roberts*, 13 Ohio, 148, and *Hensler v. Nickum*, 38 Md., 270.

The record and evidence in this case show that the money of Stolteben and Schuchert, and no other, was used in the payment of the purchase of the property from Hintrager; that it was obtained from them by Lembeck and Hanover for that very purpose, and with the agreement that its payment should be secured by mortgages upon the premises, which mortgages were duly executed; and in our opinion the District Court correctly held that they were entitled to a preference over the prior mortgages of the other parties.

AFFIRMED.