F. O. MORING, Treas., &c. v. JOHN DICKERSON, and others.

*Mortgage—Priorities—Instantaneous Seizin.*

Where a mortgage on land is given to one who has advanced the purchase money therefor, and executed at the same time with the deed which confers title on the mortgagor, the making of the two deeds is considered as but one transaction ; the seizin of the mortgagor is but an instantaneous one, to which prior encumbrances on his estate will not attach ; but the mortgage to secure the purchase money will take precedence of all other liens or encumbrances.

(*Howell* v. *Howell*, 7 Ired., 491 ; *Bunting* v. *Jones*, 78 N. C., 242, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1881, of WAKE Superior Court, before *Schenck, J.*

This was an action to foreclose a mortgage. After the pleadings were made up there was a reference under the Code to R. T. Gray, Esq., who found the facts to be as follows : The Raleigh Co-operative Building and Loan Association, owning the land mentioned in the pleadings, on the 14th day of June, 1869, contracted to sell the same to the

defendant, John Dickerson, at the price of $400, and gave him a bond for title when the purchase money should be paid. On the 16th day of November, 1874, Dickerson and wife gave their bond to the firm of Thompson & Whitaker for the sum of $275, and at the same time executed a mortgage upon the land as a security for the debt, which mortgage was immediately registered. Soon thereafter Thompson assigned to his partner, Whitaker, his interest in said bond and mortgage. On the 8th of February, 1877, Whitaker borrowed money of the plaintiff, F. O. Moring, as treasurer of the Merchants' Protective Association, and assigned his interest in said bond and mortgage as a collateral security therefor. In 1878 said Whitaker was adjudged a bankrupt, and the defendant Fray was appointed his assignee.

On the 14th day of May, 1876, in order to complete the payment of the purchase money for the land, and procure a deed from the said Raleigh Co-operative Building and Loan Association, the defendant Dickerson agreed to purchase of the defendant Viney Farrar four shares of stock, which she owned in said association, of the market value of $100 per share, and to pay therefor the sum of $600, to be secured by a mortgage on the land. [That] no certificates of stock were ever issued by said association to its stockholders, and all transfers of stock were therefore made upon the books of the company.

In pursuance of said agreement the parties met with the treasurer of said association, when the four shares of stock, then owned by the defendant Viney, were surrendered and cancelled; and in consideration thereof the association then executed a deed to Dickerson, who at the same moment, and through the aid of the same draughtsman, executed a mortgage upon the land to the said Viney for $600.

Upon the basis of these facts, the referee concludes, as matters of law, that the defendant Dickerson had an equitable interest in the land capable of being transferred by his

mortgage to the firm of Thompson & Whitaker. That the defendant Viney Farrar had constructive notice of such mortgage at the time she took her mortgage on the 4th of May, 1876; and therefore the lien of her mortgage is junior to the other, and he recommends a sale of the premises and an application of the proceeds in the manner indicated. To this report the defendant Viney Farrar excepted, and insisted upon her right to have her mortgage first satisfied out of the proceeds of the sale of the land, but the court overruled her exception, and gave judgment according to the recommendation of the referee, from which the said defendant appealed.

*Messrs. Reade, Busbee & Busbee,* for plaintiff.
*Messrs. Battle & Mordecai,* for defendants.

RUFFIN, J. Two questions only are presented for consideration. First, whether the two instruments, consisting of the deed from the Building and Loan Association to the defendant Dickerson, and his mortgage to the defendant Viney Farrar, executed as they were simultaneously, are to be construed as one instrument, and to operate as one assurance to her of the land which is the subject of controversy? And if so, then whether her mortgage is to have precedence over that, under which the plaintiff is seeking to sell the land— the same being prior in point of time.

The true rule in the construction of deeds and all other written instruments is to give effect, if possible, to the intent of the parties thereto, by which is meant, that where it is clearly the intent of the parties that the land shall pass, the form of the conveyance is not material, but the intent shall be effectuated by every legal means. Accordingly this court declared in the case of *Howell* v. *Howell,* 7 Ired., 491, that if necessary to give effect to the intention of the parties, they would not hesitate to treat several instruments, execu-

ted at the same time, and relating to the same subject, as forming but one, that is, to construe the several instruments as component parts of one and the same instrument.

So too in *Bunting* v. *Jones*, 78 N. C., 242, speaking of a deed to the purchaser of land, and a mortgage to secure the purchase money, executed by him at the same time, it is said that the two were *intended* by the parties to be concurrent acts, and should therefore be construed as one act. Looking to the decision of other courts we find them without an exception, so far as we are informed, all pointing to the same conclusion.

In *Holbrook* v. *Finney*, 4 Mass., 566, where a father conveyed land by deed to his son, who at the same time gave a mortgage to the father to secure the purchase money, the supreme court of that state held that the two instruments were to be considered as parts of one and the same contract between the parties; in the same manner as a deed of defeasance forms with the deed to be defeated but one contract though engrossed on several sheets. To the same effect is the decision of the same court in the case of *Clark* v. *Munroe*, 14 Mass., 351, and that of the supreme court of the state of New York in the case of *Stow* v. *Tift*, 15 Johnson, 458, and also in *Jackson* v. *McKenny*, 3 Wend., 233.

In the case now before us the two deeds bear the same date, are consistent with each other, relate to the same property, and are manifestly parts of one agreement evidenced by different instruments, and as to the intention of the parties it is clear that finding himself unable to discharge his debt due to the association for the purchase money of the land, the defendant Dickerson sought the aid of the defendant Farrar, who agreed to give it, by surrendering her shares of stock for cancellation, provided she were made secure by a mortgage on the land, and that this was thoroughly understood and assented to by all the parties, including the officer of the association. If then by any possible

legal construction of the two instruments this intention of the parties can be carried into effect, it is the duty of the courts to adopt it.

This brings us to the other question, viz : whether the defendant Farrar, having advanced the money to pay for the land to the Building and Loan Association, and upon the conveyance thereof to the defendant Dickerson, having *eo instanti* taken a mortgage from him to secure the money so advanced, is entitled to precedence over the other mortgage notwithstanding it is of an older date. In many of the states they have undertaken to regulate this matter of precedence between conflicting mortgages and liens, by statutes which declare that whenever lands are sold and conveyed, and a mortgage is given by the purchaser, at the same time, to secure the purchase money, such mortgage shall be preferred to, and exclude any claim, or lien, arising through the mortgagor. Here we have no such statutory provision, and must needs therefore consider the point in the light of the common law alone. It is impossible to conceive of a decision furnishing a stronger analogy, determining as it does a principle which must govern this case, than that rendered in the case of *Bunting* v. *Jones* before cited from our own reports. There, the facts were that the plaintiff, purchasing the land and paying for it, had the conveyance made to the defendant, who immediately executed a mortgage to the plaintiff to secure the purchase money, and the question was as to the right of the defendant's wife to have dower in the premises. If *any right*, accruing through the mortgagor, could under the circumstances attach to the land, it must have been that of dower, since that, of all rights, is most favored by the law, and yet so observant was the court of the intention of the parties, and so careful to give effect to it, that it would not allow it to be defeated, even by the wife's claim of dower. To the very same import are the other authorities cited, of *Holbrook* v. *Finney*, *Clark* v. *Munroe*,

and *Stow* v. *Tift.* These cases all proceed upon the idea that the seizin of the husband was but for an instant, and that it was not intended to be in him beneficially at all, or for his own use, but that the real purpose was to put the title in the mortgagee as a security for his money advanced, and that the husband was a mere conduit pipe or medium of conveyance. But we are not left to reason from analogy merely in regard to the point; on the contrary, we have to guide us, the decisons of several courts of eminent respectability. In *Jackson* v. *Austin,* 15 John, 477, and *Haywood* v. *Nooney,* 3 Bart. (N. Y.) 643, the facts were almost identical with those of the present case, except that the older incumbrances, for which priority was claimed, were judgment liens instead of mortgages; and in both cases, it was held that the preference was due to the mortgage given to secure the payment of the purchase money to the party who had advanced it. It is true, that in that state there was a statute on the subject; but the same court in the case of *Stow* v. *Tift supra,* held it to be declaratory merely of the common law, and indeed the preamble to the statute itself, so declares.

Again the supreme court of Illinois (in which state they have no such statute) declared in the case of *Curtis* v. *Root,* 20 Ill., 53, that it was a principle of law too familiar to justify a reference to the authorities, that a mortgage given for the purchase money of land and executed at the same time the deed is executed to the mortgagor, takes precedence of judgments previously existing against him. The reason given is that the execution of the deed and of the mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands, and without stopping, vests in the mortgagee, and during such instantaneous passage no lien of any character can attach to the title. True it is, that in the case just cited the mortgage was to the vendor of the land, but in point of right and principle it can make no difference whether it be

given to the vendor, himself, for the purchase money, or to one who actually advances the means to pay the purchase money to the vendor, and it was so expressly ruled in the case of *Kaiser* v. *Lembeck*, 3 Iowa, 520.

Impelled by these authorities and convinced as we are of their correctness, we are constrained to hold that His Honor in the court below, erred in declaring that the preference should be given to that mortgage under which the plaintiff claims. In our view of the case the mortgage given for the purchase money stands upon the higher ground and is entitled to precedence—not upon the ground of any supposed equity in the vendor as such to have the purchase money of the land sold or any right of subrogation in the defendant Farrar to his lien upon the land, but purely and simply upon the ground that the two instruments being executed at the same moment of time are to be treated as one, and construed as if the association had conveyed the land directly to her, and had not made use of the defendant Dickerson as an instrument to that end. If there had been an interval of time between the two transactions during which the title to the land had rested in Dickerson, then this right of priority would have been lost to her and attached to the elder mortgage.

It is therefore declared by this court that the mortgage executed to the defendant Farrar on the 4th day of May, 1876, constituted the first and highest lien upon the land, to the extent of $400, that being the amount of the purchase money then actually due and paid, together with the interest thereon from the day of such payment. We have thus restricted her right to the actual amount of the purchase money because of her offer made at the bar of this court to accept that sum, and have not at all considered her right to have the whole of her debt secured in the mortgage in case she had seen fit to demand it.

As to the suggestion of usury made in this court by the

plaintiff, it is sufficient to say, that no such point appears by the record to have been taken in the court below, and if it had been it could not avail in a court of equity whose aid the plaintiff himself had sought.

There is error. Let judgment be entered in this court according to the rights of the parties as herein declared.

Error.                                                    Reversed.