## Richmond.

### COWARDIN V. ANDERSON AND ALS.

December 6th, 1883.

1. LIENS AND PRIORITIES—*Judgments.*—The right of the judgment credi-
   tor is limited to the debtor's interest in the land sought to be sub-
   jected.   He is in no sense a purchaser, and has no equity beyond what
   belongs to the debtor.   *Summers* v. *Darne,* 31 Gratt. 701.
2. IDEM—*Trust deed for purchase money.*—Where a purchaser cotempora-
   neously with delivery of conveyance of the purchased land executes a
   trust deed to secure the purchase money, he acquires a temporary
   seizin, and not such an interest in the land as becomes subject to the
   lien of a judgment against him in preference to the deed of trust.
3. IDEM—*Idem—Unrecorded deed.*—The judgment creditor acquires no
   preference over the trust deed, whether the latter be directly for the
   vendor's benefit or for the benefit of a lender of the money to pay the
   purchase money, or whether the trust deed be recorded or not, the
   latter and the conveyance being parts of one transaction.

Appeal from decree of chancery court of city of Rich-
mond, rendered 24th February, 1881, in a suit wherein J.
M. Anderson, commissioner, is complainant, and William
L. Cowardin and others are defendants.  Said Anderson,
the appellee, obtained 16th February, 1875, a decree in the
circuit court of Henrico county against William Coulling
and another for the sum of $1,100, which was duly dock-
eted in the clerk's office of Henrico county court on 7th
July following, and in the clerk's office of the chancery
court of said city on 22d June, 1876.   The bill was filed to
subject to the satisfaction of this decree certain real estate
lying outside of the said city and within one mile of its
corporate limits, which by deed dated 20th May, 1872, had

been conveyed to Coulling by A. R. Courtney, commissioner, and which by deed dated 29th May, 1872, Coulling and wife conveyed to Courtney and Walford in trust, to secure the sum of $800 to James W. Courtney, the amount of the purchase money for the land advanced by the latter to Coulling. The first mentioned deed was acknowledged on 27th May, and the last on 30th May, 1882, on which last named day both were delivered, and were recorded in the clerk's office of the county court of Henrico, but neither was ever recorded in the clerk's office of the chancery court of the city of Richmond. Subsequently the land was sold and conveyed by the trustees to the Virginia Building Fund Company, which in turn conveyed it to William L. Cowardin, the appellant. The deed from the trustees to the company was dated 16th June, 1875, and recorded 1st July, 1875, in the clerk's office of the Henrico county court, and not elsewhere. And the deed to the appellant, dated 25th September, 1875, was recorded there, and not elsewhere.

*W. W. & B. T. Crump,* for the appellant.

*Sands, Leake & Carter,* for the appellees.

LEWIS, P., after stating the case, delivered the opinion of the court.

The controversy is between Anderson, claiming the right to subject the land as a judgment creditor, on the one hand, and the appellant, on the other, claiming it as a purchaser. The counsel have ably discussed a number of interesting and important questions, of which, in the view we take of the case, it is necessary to consider one only.

It is well settled that ordinarily no greater interest in real estate than the judgment debtor himself has is availa-

ble for the satisfaction of a judgment against him. In other words, that the right of the judgment creditor is limited to the debtor's interest in the land sought to be subjected. The creditor is in no sense treated as a purchaser, and has no equity beyond what belongs to the debtor. These propositions have often been affirmed by this court. *Floyd* v. *Harding*, 28 Gratt. 401; *Borst* v. *Nalle*, 28 Gratt. 423; *Summers* v. *Darne*, 31 Gratt. 791.

, If, then, Coulling acquired no interest in the land in question, which was liable to the claims of judgment creditors, to the prejudice of the deed of trust, it is plain that the decree of the chancery court, subjecting it in the hands of the appellant to the payment of the appellee's decree, is erroneous.

The testimony shows that the deed from Courtney to Coulling and the trust deed from Coulling and wife to Courtney and Walford were delivered at the same time, and were intended by the parties to operate simultaneously. The two deeds must, therefore, be treated, not as separate and distinct contracts, but as constituting one and the same transaction. And, hence, it results that Coulling acquired a transitory seizin only, and not such an interest in the land as became subject to the lien of a judgment against him in preference to the deed of trust.

This is a doctrine well established and frequently applied. It is stated almost in the words employed by Judge Staples in *Summers* v. *Darne, supra*, and by Chancellor Kent in his Commentaries, vol. 4, pp. 173–4, where he says: " In one instance, a mortgage will have preference over a prior docketed judgment, and that is the case of a sale and conveyance of land, and a mortgage taken at the same time in return to secure the payment of the purchase money. The deed and the mortgage are considered as parts of the same contract, and constituting one act; and justice and policy equally require that no prior judgment against the mort-

gagor should intervene and attach upon the land during the transitory seizen to the prejudice of the mortgage."

The same principle has been recognized in numerous cases. *Holbrook* v. *Finney*, 4 Mass. 566; *Clark* v. *Munroe,* 14 Mass. 351; *Stow* v. *Tifft*, 15 Johns. 458; *Banning* v. *Edes*, 6 Minn. 402; *Clark* v. *Butler*, 32 New Jersey Eq. Rep. 664. And it applies equally in favor of a third person who advances the purchase money, and at the time of the conveyance takes a mortgage on the land for his indemnity. 4 Kent's Comm. 30; *Curtis* v. *Root*, 20 Ill. 53; *Kaiser* v. *Lembeck*, 55 Iowa, 244; *Moring* v. *Dickerson*, 85 N. C. 466 ; *Clark* v. *Munroe, supra.*

Having thus shown that Coulling was at no time invested with such an interest in the land, as against the trust deed, as could be subjected to the claims of judgment creditors, whose judgments had been previously obtained and docketed, there is no reason why a creditor, with a judgment subsequently obtained, should, because of the failure to record the trust deed, occupy a more favorable position, or require any better right than Coulling himself had, in whose shoes he must stand. The error in the ruling of the chancery court grows out of the idea that the trust deed was a separate and distinct contract, instead of being, as we have seen it was, merely *a part* of a transaction, of which the other part was the deed of bargain and sale from Courtney to Coulling.

And for these reasons, and without deciding any other question discussed at the bar, we are of opinion to reverse the decree.

The decree was as follows:

This day came again the parties by their counsel, and the court, having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel,

is of opinion, for reasons stated in writing and filed with the record, that the two deeds, the one from Courtney, commissioner, to William Coulling, dated the 20th day of May, 1872, and the trust deed from Coulling and wife to Courtney and Walford, dated 29th day of May, 1872, were delivered together, and were intended to operate simultaneously, and must therefore be treated as constituting one and the same transaction, and that the said Coulling acquired no interest in the land in question liable to the payment of the decree in favor of the appellee, Anderson, to the prejudice of the said trust deed, and that the said decree of the chancery court is erroneous. It is, therefore, considered that the said decree be reversed and annulled, and that the appellee, Anderson, do pay to the appellant his costs by him expended in the prosecution of his appeal here.

And this court proceeding to render such decree as the said chancery court ought to have rendered, it is further adjudged, ordered and decreed, that the bill of the appellee be dismissed, and that he pay to the appellant his costs by him expended in the defence of his suit in the said chancery court; which is ordered to be certified to the said chancery court of the city of Richmond.

DECREE REVERSED.