MARTHA J. RAGSDALE, Respondent, v. JOHN O'DAY, Appellant.

St. Louis Court of Appeals, February 26, 1895.

Dower: MORTGAGE FOR PURCHASE MONEY. A deed of trust on land to secure the payment of purchase money, though the wife of the vendee does not join in it, takes precedence over her claim of dower; and this is so, though a third person, by arrangement with the vendee, advances the purchase money and receives the deed of trust from the latter.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED AND REMANDED.

*John O'Day* for appellant.

Where a party advances money at the request of the purchaser to pay the purchase money of a tract of

land with the understanding and agreement at the time that he was to have a mortgage thereon to secure the purchase money so advanced, and the mortgage was executed by the purchaser of the land in accordance with such agreement, his wife is not entitled to dower in the lands so mortgaged, though she did not join in the execution of the mortgage. *Demeter v. Wilcox*, 115 Mo. 634; Pomeroy on Equity Jurisprudence, sec. 725; Jones on Mortgages, secs. 464-466; *Mills v. Van Voorhees*, 20 N. Y. 412; *McGowan v. Smith*, 44 Barb. 232; *Kittle v. Van Dyke*, 1 Sand. Ch., 76; *Clark v. Monroe*, 37 Me. 509; *Birnie v. Main*, 29 Ark. 591; *Seibert v. Todd*, 31 S. C. 206; *Agnew v. Renick*, 27 S. C. 562; *Heinsler v. Nickum*, 38 Md. 270; *Alderson v. Ames*, 6 Md. 52-56; *Clabaugh v. Byerly*, 7 Gill, 354; *Stansele v. Roberts*, 13 Ohio, 148; *Curtis v. Root*, 20 Ill. 54; *Fitts v. Davis*, 42 Ill. 391; *Grant v. Dodge*, 43 Me. 489; *Banning v. Edes*, 6 Minn. 402; *Bolles v. Carli*, 12 Minn. 113; *Bradley v. Bryan*, 43 N. J. Eq. 396; *Stewart v. Smith*, 36 Minn. 82; *Cowardin v. Anderson*, 78 Va. 88; *Roane v. Baker*, 120 Ill. 308; *Pope v. Meade*, 99 N. Y. 201; *Jacob's Appeal*, 107 Pa. St. 737. The same equitable rule applies in like manner to a mortgage given by the grantee to a third person as security for money loaned for the purpose of being used, and which is actually used, in paying the purchase price. *Beebe v. Austin*, 15 Johns. 477; *Haywood v. Nooney*, 3 Barb. 643; *Adams v. Hill*, 29 N. H. 202; *Curtis v. Root*, 20 Ill. 54; *Dudley v. Aiken*, 80 Iowa, 112; *Cowardin v. Anderson*, 78 Va. 88; *Rogers v. Tucker*, 94 Mo. 346; *Curtis v. Root*, 20 Ill. 54; *Austin v. Underwood*, 37 Ill. 438; *Virginia v. Brubaker*, 3 Nev. 31; *Guy v. Carrier*, 5 Cal. 511; *Strong v. Van Deursen*, 23 N. J. Eq. 369; *Lamb v. Cannon*, 38 N. J. L. 362; *Macintosh v. Thurston*, 25 N. J. Eq. 242; *Bolles v. Carli*, 12 Minn. 113; *Morriss v. Pate*,

31 Mo. 315; *Hopper v. Parkinson*, 5 Nev. 233; *Pratt v. Bank*, 12 Kan. 570; *Carr v. Caldwell*, 10 Cal. 380; *Magee v. Magee*, 51 Ill. 500; *Allen v. Hawley*, 66 Ill. 164, 168; *Austin v. Underwood*, 37 Ill. 438; *Amphett v. Hibbard*, 29 Mich. 298; *Lave v. Collier*, 46 Ga. 580; *Phelps v. Fockler*, 61 Iowa, 340; *Walker v. Abbey*, 77 Iowa, 705; *Kron v. Framel*, 71 Iowa, 137; *Bohn v. Mercier*, 75 Mich. 42. The question here is, does the same rule apply in favor of a third party who pays the money and takes a deed of trust from the vendee to secure the sum advanced to pay for the land. We confidentially submit that it does, and cite a few authorities on this point. *Moring v. Dickerson*, 85 N. C. 466; *Kaiser v. Limbeck*, 55 Iowa, 244; *Laidley v. Aiken*, 45 N. W. Rep. 384; *Bradley v. Bryan*, 43 N. J. Eq. 396; Pomeroy on Equity Jurisprudence, sec. 725; *Cary v. Boyle*, 53 Wis. 574; *Sloan v. Campbell*, 71 Mo. 387; Jones on Liens, sec. 1093; *Mitchell v. Butt*, 45 Ga. 162; *Blevins v. Rogers*, 32 Ark. 258; *Magee v. Magee*, 51 Ill. 500; *Curtis v. Root*, 20 Ill. 54; *Dwenger v. Branigan*, 95 Ind. 221; *Haywood v. Nooney*, 3 Barb. 643; *Mize v. Barnes*, 78 Ky. 506; *Bolles v. Carli*, 12 Minn. 113; *Jones v. Parker*, 51 Wis. 218; *Cary v. Boyle*, 53 Wis. 574.

*Haseltine Bros.* for respondents.

ROMBAUER, P. J.—This is a suit for assignment of dower, the plaintiff, who is insane, suing by guardian. The plaintiff's evidence tended to show that her husband verbally contracted with Theodocia Brown for the purchase of the lands in controversy for a price of $800; that, at the date of such oral contract, he paid $100 on account of the purchase money out of his own means, and that he subsequently obtained from the defendant the residue of the purchase money. The

defendant's evidence tended to show that he paid the entire purchase money for the land at the request of plaintiff's husband; that the original agreement was that the deed should be taken in the defendant's name, but that in defendant's absence his agent consented that the deed should be taken in the name of plaintiff's husband, who was to give a deed of trust to the defendant in return. The parties were of opinion that this would accomplish the same result. A deed of trust was executed by the plaintiff's husband, the plaintiff, however, not joining therein. This deed secured to the defendant the payment of $800, *which is conceded to have been the entire* purchase money. The defendant subsequently foreclosed the deed and took possession of the property.

This being all the evidence, the court, at plaintiff's request, gave the following instruction: "Martha Jane Ragsdale, not having joined with her husband in executing a deed of trust to John O'Day to secure the purchase money which he advanced to pay Theodocia Brown for the forty acres of land, has not relinquished her dower in that tract of land, and is entitled to a dower estate of one third therein during her natural life."

The court refused the following declaration of law asked by defendant: "The court declares the law to be that, if the defendant agreed with Ragsdale to pay the purchase price of the forty acres of land bought of Theodocia Brown, and Mrs. Brown and her husband made the deed to Ragsdale so as to enable him to execute a deed of trust for the purchase money advanced by O'Day to Mrs. Brown, and that, simultaneously with the execution of the deed by Mrs. Brown and her husband to Ragsdale, Ragsdale executed a deed of trust to O'Day for the $800 purchase money paid by O'Day to Mrs. Brown, then and in that case Mrs. Brown is

not entitled to dower in the Brown forty acres of land."

The declarations of law thus given and refused indicate that the court misconceived the law applicable to the facts. Under the uncontroverted evidence, if no deed of trust had ever been executed, the plaintiff's husband would have held the premises for the benefit of O'Day by way of a resulting trust. *Dyer v. Dyer*, 2 Cox, 92; 1 White & Tudor's Leading Cases in Equity [4 Am. Ed.], 314. The fact that a deed of trust was executed for the purchase money, in which the plaintiff did not join, could not change the matter. This precise point was decided in *Clark v. Munroe*, 14 Mass. 351. The cases of *Fontaine v. Boatmen's Savings Institution*, 57 Mo. 552, and *Demeter v. Wilcox*, 115 Mo. 634, show by analogy that our courts take the same view of the matter. In fact, we are not aware that it has ever been seriously controverted that a purchase money mortgage takes precedence of the widow's dower as well as other liens. It is in the nature of a vendor's lien in favor of the party advancing the purchase money. *Moring v. Dickerson*, 85 N. C. 466; *Kaiser v. Lembeck*, 55 Iowa, 244; *Jones v. Parker*, 51 Wis. 218.

It results that the judgment must be reversed, and the cause remanded. All concur.