# Richmond.

## CHARLOTTESVILLE HARDWARE CO. v. PERKINS, TRUSTEE.

### November 11, 1915.

### Absent, Keith, P.

1. DEEDS—*Recital of Lien for Purchase Money—Notice—Failure to Record Deed of Trust.*—A deed of conveyance of land duly recorded which recites various deferred payments of purchase money and that they are "all secured by a deed of trust on the land itself, which deed and this are parts of the same transaction" is constructive notice to subsequent purchasers of the land of the lien for the unpaid purchase money although the deed of trust referred to as securing the same be not recorded.

2. JUDGMENTS—*Lien—Only Interest of Debtor Liable—Contemporaneous Mortgage to Secure Purchase Money—Failure to Record.*—If land be conveyed to a purchaser and contemporaneously therewith, and as a part of the same transaction, the purchaser reconveys the land to a trustee to secure the purchase money, a judgment against the purchaser is subordinate to the lien of the deed of trust, although the latter be not recorded, as, in such cases, the judgment creditor cannot subject any greater interest in the land than the judgment debtor owns.

Appeal from a decree of the Circuit Court of Albemarle county in a suit in chancery brought by Perkins, trustee, asking the direction of the court as to the proper disposition of a fund in his hands as trustee.

*Reversed.*

The opinion states the case.

*C. W. Allen, H. W. Walsh* and *Perkins, Perkins & Walker,* for the appellant.

*White & Long* and *Geo. M. McNutt,* for the appellees.

KELLY, J., delivered the opinion of the court.

C. N. Walker, being the owner of a tract of land upon which there was a deed of trust for $4,262.50, conveyed the same on August 22, 1912, to J. R. Elam by a deed, recorded September 28, 1912, containing the following recital:

"The consideration for this deed ($7,500.00), mentioned above, is provided for as follows: The said Elam pays in cash on delivery of this $537.50, the receipt of which said Walker hereby acknowledges. On the execution of this deed also he gives to said Walker his (Elam's) three separate bonds each for $900.00 (aggregating $2,700.00) all dated this 22d day of August, 1912, all bearing interest at six *per cent.* from this date until paid, interest payable annually, all waiving homestead, *and all secured by a deed of trust on the land itself, which deed and this are parts of the same transaction.* . . .

"In settlement of the residue of said purchase money the said Elam hereby assumes and promises to pay the debt of $4,262.50, with interest thereon at six *per cent.* from this 22d day of August, 1912, till paid, to H. C. Michie, or his assigns, which debt is secured by a deed of trust on the land hereby conveyed, recorded in said clerk's office in Deed Book 133, page 181." (Italics ours).

The deed of trust from Elam to Walker, to secure the balance of purchase money and recited in the above conveyance, was not recorded until September 5, 1913.

On November 1, 1912, J. R. Elam executed another deed of trust on this land to secure a bond for $3,000, payable to his father, G. W. Elam. This paper was recorded December 7, 1912.

On July 11, 1913, the Charlottesville Hardware Company obtained a judgment, which was docketed three days later, against J. R. Elam for $774.75 with certain accrued and accruing interest and costs.

. Default was made in the payment of the first lien for $4,262.50 and the trustee, W. A. Perkins, upon the request of the owner of the debt, foreclosed the lien and sold the land at public sale for $6,100. After paying the Michie debt in full, with the accumulated interest and costs, the trustee still had in his hands about $1,000, an amount insufficient to pay all, or indeed either one, of the remaining obligations of J. R. Elam owing, as above set out, to C. H. Walker, G. W. Elam and the Charlottesville Hardware Company, each of whom claimed the balance thus remaining in the hands of the trustee. Confronted with this situation, the trustee, W. A. Perkins, brought this suit to obtain the direction of the court in disbursing the fund.

The decree of the circuit court from which this appeal was taken awarded the fund to G. W. Elam. From a carefully prepared written opinion found in the record it appears that the learned judge who decided the case below treated the three conflicting claims involved in this controversy as having the following primary status:

(1) Walker's purchase money deed of trust, though not recorded until after the execution and recordation of G. W. Elam's deed of trust, good against the latter on the ground that G. W. Elam was charged with notice by the recitals in the deed of conveyance from Walker to J. R. Elam.

(2) G. W. Elam's deed of trust good as against the Charlottesville Hardware Company's judgment, because recorded before that judgment was obtained.

(3) The Charlottesville Hardware Company's judgment good as against the Walker deed of trust, because the latter was not recorded until after the judgment was obtained and duly docketed.

If this classification of the original standing of these three claims be correct, it is manifest, as the circuit court held, that the situation presents the confusing and illusive triangular conflict of liens which is not unfamiliar to the legal profession

in Virginia under the name of the "Deeds of Trust Puzzle." (See 1 Va. Law Reg. 4; *Id.* 254; 1 Min. Real Prop., sec. 660.) The aforesaid opinion of the lower court and much of the argument by counsel for G. W. Elam and for the Hardware Company, respectively, were based upon the assumption that a decision of the case in hand necessarily involved a solution of this problem. It is contended, however, by counsel for Walker that the case is free from any such difficulty, because Walker's deed of trust, as an original proposition, has priority over the claims of both of the other competitors for the fund in litigation; and we are of opinion that this contention must be sustained.

As to G. W. Elam, it is clear that he took his deed of trust with constructive notice of Walker's claim. He is conclusively charged with notice of all the information contained in the papers in his chain of title, and the recitals in the deed from Walker to J. R. Elam were entirely sufficient to bar any claim on G. W. Elam's part to the position of an innocent purchaser. His counsel combat this conclusion, but the authorities fully support it. *Wood* v. *Krebs,* 30 Gratt. (71 Va.) 708, 714; *Jameson* v. *Rixey,* 94 Va. 342, 348, 26 S. E. 861, 64 Am. St. Rep. 726; *Flanary* v. *Kane,* 102 Va. 547, 552, 46 S. E. 312, 681. As between Walker and Elam, therefore, Walker is plainly entitled to priority.

Coming now to consider the judgment of the Charlottesville Hardware Company, it seems equally clear that as to this claim also the Walker deed of trust must be given precedence, for the reason that until Walker's debt is paid there is no interest in J. R. Elam upon which the judgment can attach as a lien. It is argued that this view denies to the judgment creditor the benefit of the registry statutes, but, as will hereinafter more fully appear, the question at issue is controlled by considerations which are not in conflict with, but overreach and are entirely independent of, the provisions of the recording acts.

The deed of conveyance dated August 22, 1912, from

Walker to J. R. Elam, and the deed of trust of the same date from Elam to Walker, were plainly intended by the parties to operate simultaneously, and they were expressly declared to be "parts of the same transaction." It affirmatively appears that the deed of trust was executed, acknowledged and delivered, though not recorded for more than a year. In the absence of proof to the contrary (and there is no proof or contention to the contrary) the presumption is that the two instruments were executed simultaneously. *Summers* v. *Darne,* 31 Gratt. (72 Va.) 791. The legal result is that there was, as against Walker's debt, no beneficial, but merely an instantaneous or transitory seisin in Elam, and not such an interest as could become subject to the lien of either prior or subsequent judgments.

The conclusion which results in awarding the fund in this case to Walker is just and reasonable and is amply sustained by authority.

In *Summers* v. *Darne,* 31 Gratt. (72 Va.) 791, at page 801, Judge Staples says: "The creditor is in no just sense treated as a purchaser. He has no equity whatever beyond what justly belongs to the debtor. When, therefore, land is conveyed and the purchaser at the same time gives back a mortgage or other incumbrance to secure the purchase money, he does not thereby acquire any such seisin or interest as will entitle his wife to dower, or his creditor to subject the land to his debts discharged of the mortgage. In such case the deed and the mortgage are regarded as parts of the same contract and constitute but a single transaction, investing the purchaser with the *seisin* for a transitory instant only."

In *Cowardin* v. *Anderson,* 78 Va. 88, it appeared that Wm. Coulling had taken a deed for land dated May 20, 1872, and had given a deed of trust dated May 29, 1872, to secure money which J. W. Courtney advanced to enable him to make the purchase. The first mentioned deed was acknowledged on May 27th, and the second (the deed of trust) on May 30,

1872, and both were delivered on the last named day, but neither one was properly recorded. There was a sale under the deed of trust, and a conveyance on June 16, 1875, to a corporation which subsequently conveyed the land to W. L. Cowardin. In the meantime, on February 16, 1875, J. A. Anderson had obtained a judgment against Coulling, and subsequently brought suit to subject the land to his judgment, evidently relying upon the defective recordation of the deed of trust. It was held, reversing the decree of the chancery court, that Coulling took no interest in the land which could be made liable for the judgment, and the bill was dismissed. Judge Lewis, delivering the opinion in that case, said: "The testimony shows that the deed from Courtney to Coulling and the trust deed from Coulling and wife to Courtney and Walford were delivered at the same time, and were intended by the parties to operate simultaneously. The two deeds must, therefore, be treated, not as separate and distinct contracts, but as constituting one and the same transaction. And, hence, it results that Coulling acquired a transitory seisin only, and not such an interest in the land as became subject to the lien of a judgment against him in preference to the deed of trust.

"This is a doctrine well established and frequently applied. It is stated almost in the words employed by Judge Staples in *Summers* v. *Darne, supra,* and by Chancellor Kent in his Commentaries, vol. 4, pp. 173-4, where he says: 'In one instance, a mortgage will have preference over a prior docketed judgment, and that is the case of a sale and conveyance of land, and a mortgage taken at the same time in return to secure the payment of the purchase money. The deed and the mortgage are considered as parts of the same contract, and constituting one act; and justice and policy equally require that no prior judgment against the mortgagor should intervene and attach upon the land during the transitory seisin to the prejudice of the mortgage.'

"The same principle has been recognized in numerous cases. *Holbrook* v. *Finney,* 4 Mass. 566 (3 Am. Dec. 243); *Clark* v. *Munroe,* 14 Mass. 351; *Stow* v. *Tifft,* 15 Johns. 458 (8 Am. Dec. 266); *Banning* v. *Edes,* 6 Minn. 402 (Gil. 270); *Clark* v. *Butler,* 32 N. J. Eq. Rep. 664. And it applies equally in favor of a third person who advances the purchase money, and at the time of the conveyance takes a mortgage on the land for his indemnity. 4 Kent's Comm. 30; *Curtis* v. *Root,* 20 Ill. 53; *Kaiser* v. *Lembeck,* 55 Iowa 244 (7 N. W. 519); *Moring* v. *Dickerson,* 85 N. C. 466; *Clark* v. *Munroe, supra.*

"Having thus shown that Coulling was at no time invested with such an interest in the land, as against the trust deed, as could be subjected to the claims of judgment creditors, whose judgments had been previously obtained and docketed, there is no reason why a creditor, with a judgment subsequently obtained, should, because of the failure to record the trust deed, occupy a more favorable position, or require any better right than Coulling himself had, in whose shoes he must stand. The error in the ruling of the chancery court grows out of the idea that the trust deed was a separate and distinct contract, instead of being, as we have seen it was, merely *a part* of a transaction, of which the other part was the deed of bargain and sale from Courtney to Coulling."

This case of *Cowardin* v. *Anderson* was expressly approved in the subsequent case of *Straus* v. *Bodeker,* 86 Va. 543, 548, 10 S. E. 570, and the underlying reason upon which the decision in both cases rests, namely, that the right of the judgment creditor is limited to the debtor's beneficial interest in the land at or after the date of the judgment, has been time and again emphasized by this court. See *Borst* v. *Nalle,* 28 Gratt. (69 Va.) 423, 433; *Shipe, Cloud & Co.* v. *Repass,* 28 Gratt. (69 Va.) 716, 723; *Summers* v. *Darne, supra; Coldiron* v. *Ashville Shoe Co.,* 93 Va. 364, 372, 25 S. E. 238; *Dingus* v. *Min. Imp. Co.,* 18 Va. 737, 748, 37 S. E. 353.

The principle of the foregoing cases, in its special application to contests for priority between purchase money mortgages and judgments, has been given wide recognition and approval.

Mr. Raleigh Minor, at section 693, page 774, of the first volume of his work on Real Property, in a discussion of the *rationale* of the cases last above cited, says: "And for the same reason, if land be sold to a judgment debtor and, *as a part of the same transaction,* he reconveys it to a trustee to secure the purchase money, he will not have acquired such a beneficial interest in the land as will permit the lien of the judgment to attach to any part of it except the equity of redemption."

See also to the same effect, 1 Jones on Mortgages (5th Ed.), sec. 470; 1 Black on Judgments, sec. 447; 2 Devlin on Real Estate (3d Ed.), sec. 643; 2 Freeman on Judgments, p. 648, sec. 357; 23 Am. & Eng. Encyc. L. (2 Ed.) 467, 469; 27 Cyc. 1180, and cases cited in note 95.

There is apparently some slight conflict in the authorities regarding the effect of a failure to record a purchase money mortgage of the kind here involved. Whether this is due to varying provisions in the registry laws of the several States, or to confusion of thought or inaccurate diction, we need not stop to inquire since it is entirely clear in the light of the Virginia authorities that our registry statutes do not affect the question before us. Until Walker's debt is paid, J. R. Elam's title is not such as to be subject to the lien of either prior or subsequent judgment creditors, and the question of recordation is wholly immaterial. This point was expressly decided in *Cowardin* v. *Anderson, supra,* and is, moreover, an obviously necessary deduction from the case of *Summers* v. *Darne, supra,* and other Virginia cases of the same type cited above.

As was said by Judge Christian in *Shipe, &c.* v. *Repass, supra,* "the question is not to be determined by the provisions of the registry acts. It must depend upon principles outside of and independent of those acts. Whether the contract of sale was recorded or not can make no difference. The lien

of the judgment creditor operates only on the estate which belongs to the debtor." See also *Dingus* v. *Min. Imp. Co., supra,* and 23 Am. & Eng. Encyc. L. (2d Ed.), 457.

Having reached the conclusion that the Walker deed of trust is primarily entitled to precedence over the Hardware Company's judgment as well as over the G. W. Elam deed of trust, it becomes unnecessary and immaterial to decide the other questions which were so ably and entertainingly discussed in the opinion of the judge of the circuit court and in the oral arguments and briefs of counsel.

The decree will be reversed and the causes remanded for further proceedings to be had not in conflict with the views expressed in this opinion.

*Reversed.*