Staples, J.
This is an action of ejectment in which the plaintiffs claimed title- to the premises in fee. The declaration and notice were served upon the tenant in possession. During the pendency of the action, plaintiffs and the defendant referred all matters of controversy to arbitration. The arbitrators rendered an award in favor of the plaintiffs, and upon its return a rule was issued against the defendant to show cause why the award should not be entered up as the judgment of the court. Upon the return of the rule, the plaintiffs in error appeared, and asked to be made defendants. The application was refused by the court, and an exception taken.
The defendant, the tenant in possession, is the mother of the plaintiffs in error, and the widow of their father. She claims no interest in the land in controversy, but occupies and cultivates it with the consent of the plaintiffs in error, who claim to be the owners in fee of the premises.
*109 The decision of the circuit court, as is conceded, was ’ . , based upon the provisions of the fifth section of chapter 131, Code of 1873, which declare “the person occupviug the premises shall be named defendant in the •declaration. If a lessee be made a defendant at the suit of a party claiming against the title of his landlord, such landlord may appear and be made a defendant with or in place of his lessee.”
It is insisted that under this section the person claiming title can defend only where the occupying tenant is his lessee; and here there was no lease, or contract for a lease, express or implied, but a simple occupancy of the premises by the widow, under the license of the children.
Passing by, for the present, the question of the correctness of this construction of the tenancy, it is obvious that the decision of the circuit judge is based upon a misconception of the meaning of the section already cited. This will be the more apparent from a brief examination of the doctrines of the common law. Long before any statute on the subject, it was the constant practice of the English courts to admit the landlord, or other, person under whom the occupying tenant claimed, to come in and defend the action.. This privilege was not confined to those who were technically lessors of the tenant in possession, but (to use the language of Mr. Justice Wilmot) was extended “ to all those that stood behind him.” It was, however, made a question, whether this right of the landlord to defend could be asserted without ’the couseut of the occupying tenant. To remove all difficulty on this point, the English statute was passed empowering the landlord to appear and defend the action with or without the consent of the tenant in possession. The practice of the English courts has been generally followed in those states where the common law prevails. In Herbert v. Alexander, 2 Call. 498, decided long anterior to our statute, the right of the landlord to be made defendant was fully recognized by this court.
*110 In a case before Lord Mansfield, lie said: “ By the words of the statute, the courts admit landlords only to and difficulties had often arisen as to the meaning of the word landlord in the act. He was of opinion that where a person claimed in opposition to the title of the tgnant in possession, he can, in no light, be considered as landlord; but where there is privity between them, the defence must be upon the same bottom, and letting in the person behind can only operate to prevent treachery and collusion.” He further said, “ It is no answer, that any person affected by the judgment may bring a new ejectment because there is a great difference between being plaintiff and defendant in ejectment.” This construction of the statute has been almost universally followed by the American courts. So that the principle of the cases, both at common law and under the statute, is to extend the word “landlord” to all persons whatever whose right or title is connected to or eonsistant with the possession of the occupying tenant. See Adams on Ejectment, 231, and Tyler on Ejectment, 448, where the cases are cited; Fairclaim v. Showtitle, 3 Burr, 1290-4-5; Barton Prac. 355.
A moment’s reflection will satisfy any one of the soundness of this construction. Very frequently it is a matter of great difficulty to determine whether the agreement under which the tenant holds is technically a lease or a mere license. The decisions on this subject are numerous and extremely difficult to reconcile. 2 Bing, on Real Prop. 78-9-80.
Still greater difficulties often occur in deciding whether the agreement constitutes the tenant a lessee of the land, or a mere joint tenant of the crops. Lowe v. Miller, 3 Gratt. 196, is one of that class of cases in which this court, after much deliberation, held that, under the contract, there was no lease but a mere joint tenancy in the crops raised on the land. 1 Washburn on Real Prop. 367.
*111 It can scarcely be supposed it was ever intended the courts should pass upon difficult questions of this sort before determining whether the real party in interest has the right to be heard in defence of his title and his possession. If; in the ease of a lessee, it is proper to receive his lessor as the real defendant, surely the same privilege should extended to the landlord, whose tenant is a mere licensee or joint tenant of the crops. To suppose that the legislature intended to apply a different rule in these cases is to attribute to them a palpable absurdity. It is very true the statute uses the word “lessee,” but it also uses the word “'landlord” as its correlative. The word “lessee” was used, not so much to define a particular estate or interest, as to express a relation—that of landlord and tenant, a person holding under and in subordination to the title another.
This construction of the statute is consistent with justice and sound policy, and is sustained by the authorities.
But if we are wrong in this view, and the interpretation of the statute claimed by the learned counsel for the defendants in error be the correct one, we should still hold the judgment of the circuit court erroneous. We are of opinion the tenant in possession is a lessee under an implied contract of renting. As already stated, she claimed no title to the land in controversy. It was no part of her dower interest. It had no connection with the mansion house and curtilege. The tenant, however, cultivated the land with the tacit permission of the heirs, five of whom were infants living with her in the mansion house. It is true she neither paid rent nor expressly contracted to do so; but we do not understand that is essential. In general the law will imply a tenancy wherever there is an ownership of land on the one hand, and an occupation by permission on the other, for in all of such cases it will be presumed that the occupant intended to pay for the use of the premises.
*112 Whether such an occupancy amounts to a tenancy from year to year, or á mere tenancy at will, determinable at pleasure of the owner, must depend upon the circumstances of the case. Adams bn Ejectment, 102, 103-4, 108; Taylor’s Land and Tenant, secs. 19, 59; Tyler on Ejectment, 206, 212. In the present case the occupying tenant was either a tenant from year to year, or a tenant at will; and whether one or the other, she is to be regarded as a lessee of the premises, according to a literal interpretation of the statute.
It only remains to inquire whether the award precludes the plaintiffs in error from being heard. If the rule of law be as already stated with respect to the right of the real party in interest to appear and defend the action, it is vain to say the tenant can do any act to defeat or impair that right. An arbitration is as ineffectual for that purpose as an attempted surrender or attornment to another. The award may bind the tenant, but it cannot bind the landlord, who is no party to the agreement to refer. As to him, it is a nullity, and all his rights remain precisely as if no award had been made.
The books abound with cases in which, even after judgment against the casual ejector, the real party in interest has been let in to defend the action. In some instances this has been done after judgment signed and a writ of possession executed. Tyler on Ejectment, and cases cited, 451, 2-3 ; Doe on De of Mullarky v. Roe, 39 Eng. C. L. 194; Adams on Ejectment, 239, and notes; Jackson v. Stiles, 4 John. R. 492. It is true the casual ejector was always a fictitious person having no title, the tenant in possession being the real party concerned. And it was for the reason that the latter was the real party in interest that the courts permitted him to make defence. As was said by Lord Mansfield, the plaintiff ought not to recover without a trial with the person interested in the question and affected by the judgment. The like considerations *113 ought to control at the present day where the action is against the occupying tenant who asserts no title in himself, but claims in subordination to the title of another.
In the case before us, at the time the plaintiffs in error appeared, no judgment had been entered on the award, and there was no difficulty in the way of a proper defence on the title. And even though the award had been entered up as the judgment of the court, they might have made defence at any time during the term.
It has been asked, however, upon what ground are the plaintiffs in error permitted to enter and oppose an award which does not affect their interests? So far as the award itself is concerned, the plaintiffs in error may not be interested in it, but they are concerned that it shall not be used for the purpose of giving the plaintiffs in the action an undue advantage over them. If they are not permitted to defend by reason of the award, a judgment will of course go against the tenant in possession, a writ of possession immediately issued, by which the plaintiffs in error will be ousted from the possession and their adversaries let in. How will they regain that possession except by a new ejectment, in which the relative position of the parties will be shifted and the plaintifis required to show title? If this be the rule of law, every landlord is at the mercy of a fraudulent or ignorant tenant, who may be persuaded or deceived into an arbitration.
For these reasons we are of opinion that the circuit court erred-in refusing to permit the plaintiffs in error to be made defendants in place of the tenant in possession. The“ judgment must be reversed and the cause remanded to the circuit court with instructions to allow the plaintiffs in error to defend the action if they shall so desire.
The judgment was as follows:
The court is of opinion, for the reasons stated in writing *114 and filed with the record, that the circuit court erred in overruling the motion of the plaintiffs in error to enter as defendants in the cause, and to file an answer to the rule then to be awarded. It' is therefore insisted that both the judgment refusing said motion and ^e jufigment in favor of the defendants in error for the land in controversy be reversed and annulled; the defendants pay, &c.
It is further considered by the court that the cause be remanded to the said circuit court for further proceedings; and if the said plaintiffs in error again apply to become •defendants in the action and to file said answer, they shall be permitted to do so. And all further action upon said award is to await the termination of the cause as between the plaintiffs in error and the defendants in error.
Judgment reversed.