### Wytheville.

### GRAVATT V. LANE.

June 14, 1917.

Absent, Burks, J.

1. BOUNDARIES—*Landmarks and Acreage—Construction of Deed.*—Definitely established landmarks fixed by the parties, or by the conveyance, will always prevail over acreage.

2. EJECTMENT—*Construction of Deed.*—In an action of ejectment, where it appears·that the purpose of the parties to a deed was to make an equitable partition of a larger tract of land, a verdict of the jury sustaining a line established by definite landmarks set out in the deed will not be disturbed, where the line thus ascertained by the jury to be the true line makes a fair partition of the property and vests in the grantee of the deed at least 200 acres of the land, whereas the deed estimated his proportion of the land to be only 150 acres. And this notwithstanding the contention of the grantee that the deed to him only reserved 43 acres of the larger tract, and that the line between the two tracts should be surveyed so as to carry out this purpose. The tract was believed to contain about 196 acres, but in fact contained 258 acres.

3. EJECTMENT—*Outstanding Deed of Trust.*—An outstanding unsatisfied mortgage or deed of trust on land to secure a debt is regarded as a mere lien, and the mortgagor or grantor may still maintain ejectment in his own name, and the defendant will not be permitted to set up the outstanding mortgage or deed of trust to defeat the action. While technically the legal title is in the trustee, it is only vested in him for a definite purpose, namely, to secure the debt. Such a deed should be construed in actions of ejectment as a mere lien upon the property.

Error to a judgment of the Circuit Court of Orange county, in an action of ejectment. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*E. H. DeJarnette, Jr.,* and *George L. Browning,* for the plaintiff in error.

*Alex. T. Browning* and *V. R. Shackelford,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

J. E. Gravatt complains of a verdict and judgment in favor of A. A. Lane in an action of ejectment.

The pertinent facts are, that Oliver Terrill died, leaving to his heirs at law a tract of land in Orange county, which was believed to contain about 196 acres. Upon actual survey made long after the conveyances here involved were executed, it was found to contain 258 5/6 acres, or an excess of more than 62 acres. F. W. Terrill, one of the heirs at law, acquired the title of the other heirs at law, including the interest of Lillie Hammes, who owned an undivided 1/18 therein as one of the heirs at law of Oliver Terrill, she being his granddaughter, and that of E. C. Terrill, a son of Oliver Terrill, who inherited an undivided 1/6 interest therein.

On the 17th day of October, 1903, F. W. Terrill and his wife conveyed to Gravatt, the plaintiff in error, all his "right, title and interest" in and to the tract of land referred to, except the interests of E. C. Terrill and Lillie Hammes, the title to which he apparently held for their benefit. This deed describes the property intended to be conveyed as follows: "Beginning at a point on the north side of plank road, a corner to Wm. H. Camper and wife, thence along said plank road to a corner at or near R. H. Rogers' farm gate, thence in a straight line to old turnpike, to a point in line of Adra S. Taylor and others running from turnpike to plank road at blacksmith's shop, thence

on north side of said road to new corner at R. H. Rogers' farm gate, thence with the line of Adra S. Taylor's estate and Charles C. Taliaferro to a corner with John Jerdone's estate, and thence with the line of said Jerdone's estate and Wm. H. Camper and wife to the beginning and containing one hundred and fifty acres, be the same more or less."

It appears from the evidence that the manifest intent and purpose of this deed was to make a partition of the said land so as to sever the interest of Lillie Hammes and E. C. Terrill from the residue of the tract, and to vest the title to such residue in Gravatt. The evidence also clearly shows that at that time it was supposed that the tract contained from 190 to 196 acres. The division was made upon the theory that the combined shares of Lillie Hammes and E. C. Terrill would be 43 acres thereof, and that Gravatt should have about 150 acres, or the residue thereof. Thereafter F. W. Terrill, by two deeds, both of which are dated and acknowledged on the 14th of March, 1910, conveyed to Lillie Hammes all the original tract which had been retained by him, one deed purporting to convey 12 acres, more or less, and the other 40 acres, more or less; and Lillie Hammes afterwards conveyed the same to the defendant in error, Lane.

The controversy arises as to the true construction of the deed of the 17th of October, 1903, from F. W. Terrill and wife of J. E. Gravatt. Gravatt contends (and there is much reason in the contention) that the deed to him only reserves 43 acres, and that the line between the two tracts should be surveyed so as to carry out this purpose. On the other hand, it is claimed by Lane that the deed was intended to make a fair partition of the entire tract; that the deed clearly fixes the new corner between the two parcels of land at R. H. Rogers' farm gate; that it prescribes that the line between this new corner and the point in the line of Adra S. Taylor's estate on the old turnpike shall be a straight line; that at the time of the execution of the deed the point

in the line of Adra S. Taylor's estate was agreed upon and fixed by the parties interested, in order to secure to Lillie Hammes certain arable land upon that side of the tract; and that the location of these corners, one at Rogers' farm gate and the other in Taylor's line, establishes the line between the land reserved and the land conveyed to Gravatt. The verdict of the jury sustains this latter contention.

When it is remembered that the purpose of the parties was to make an equitable partition of the Oliver Terrill tract; that it is well settled that definitely established landmarks fixed by the parties, or by the conveyance, will always prevail over acreage; that the line thus ascertained by the jury to be the true line makes a fair partition of the property and vests Gravatt with at least 200 acres, whereas the deed estimates his proportion of the land to be only 150 acres, and that the question involved was fairly submitted to the jury; it seems clear that this court ought not to disturb the verdict.

The justice of this view is strengthened by the fact that Gravatt was one of the heirs at law of Oliver Terrill; that neither Lillie Hammes nor E. G. Terrill were parties to the conveyance to Gravatt; and that F. W. Terrill's intention was to make a fair partition of the property. In order to sustain the contention of Gravatt, it would be necessary either to change the point on the old turnpike in the line of Adra S. Taylor's estate, which point has been agreed upon by the parties ever since the conveyance was made, or to disregard the express terms of the deed which establishes the other new corner at R. H. Rogers' farm gate. To change one of these points would violate the terms of the deed, and to change the other, the avowed intention of the parties.

The evidence submitted is sufficient to sustain the verdict and judgment.

2. Another reason which is urged for setting aside the verdict is, that it appears that there is outstanding an un-

satisfied deed of trust from Lillie Hammes and her husband to secure a debt of $250 to E. H. DeJarnette, which constitutes a lien on the property, and that the existence of this deed is a bar to the maintenance of this action.

This question has never been definitely decided in this State. The great weight of authority, however, is that an outstanding unsatisfied mortgage or deed of trust on land to secure a debt is regarded as a mere lien, and that the mortgagor or grantor may still maintain ejectment in his own name, and the defendant will not be permitted to set up the outstanding mortgage or deed of trust to defeat the action. Burks' Pl. & Pr., p. 196.

"So a defendant in ejectment cannot set up an outstanding mortgage in the hands of a third person to defeat the title of the mortgagor, or his heirs. And this rule is not affected by the fact that the mortgage was in the form of an absolute conveyance with a separate defeasance back." 15 Cyc. 70.

See also 9 R. C. L. 871; Newell on Ejectment, secs. 19, 20; *Benton Land Co.* v. *Zeitler*, 182, Mo. 251, 81 S. W. 193, 70 L. R. A. 95.

In the case of *Hopkins* v. *Ward*, 6 Munf. (20 Va.) 38, this court decided that where land has been conveyed in trust to a trustee to hold for the benefit of a third person, the beneficiary, after the purpose of the trust has been satisfied, may maintain an action of ejectment in his own name, though the legal estate is still in trust.

In *Lynchburg Cotton Mill Co.* v. *Rives*, 112 Va. 137, 70 S. E. 542, it is held that section 2742 of the Code—which declares, "The payment of the whole sum * * * which any deed of trust may have been made to secure * * * shall prevent the grantee, or his heirs, from recovering at law by virtue of such * * * deed of trust, property thereby conveyed, wherever the defendant would in equity be entitled to a decree re-vesting the legal title in him,

without condition,"—prevents a trustee in a deed of trust to secure a debt which has been satisfied from maintaining an action of ejectment for the land conveyed.

We perceive no sufficient reason on principle for a different rule, even though the debt has not been satisfied. While technically the legal title is in the trustee, it is only vested in him for a definite purpose, namely, to secure the debt. Such a deed should be construed in actions of ejectment as a mere lien upon the property. This view is in accord with reason and the great weight of authority, and has the approval of this court.

*Judgment Affirmed.*