# Wytheville.

## L. M. GOODMAN v. RICHARD H. RIDDICK, JR., AN INFANT, ETC.

June 13, 1929.

The opinion states the case.

*A. A. Bangel,* for the appellant.

No appearance for the appellee.

WEST, J., delivered the opinion of the court.

On March 24, 1923, L. O. Irving and wife, at the request of Richard H. Riddick, father of Richard H. Riddick, Jr., an infant, conveyed to Richard H. Riddick, Jr., four certain lots of land in the city of Portsmouth, Virginia, designated as lots 9, 1, 13 and 15 in Block 53, on the plat of Brighton, which is duly recorded in the clerk's office of Norfolk county, Virginia. On the same date, Richard H. Riddick executed a deed of trust signing his name Richard H. Riddick, Jr., by which he and Theodosia Riddick, his wife, conveyed to H. C. Kruger, trustee, the four lots of land above mentioned and another lot of land and building thereon known as lot No. 16, in Block 53, in the plat of Brighton, owned by Richard H. Riddick, to secure the payment of $477.70, due L. M. Goodman upon a note secured by

deed of trust, signed by Richard H. Riddick, Jr., and wife, for that sum. This deed of trust contained this provision: "It being the same property conveyed to said Richard H. Riddick, Jr., by deed of L. O. Irving, dated March 24, 1923, and to be recorded simultaneously herewith."

L. M. Goodman, having bought the property from the trustee at a sale made under that deed, instituted an action of ejectment against Richard H. Riddick, Jr., in which a writ of possession was granted.

The suit in the instant case was then instituted by Richard H. Riddick, Jr., an infant, eight years of age, by Theodosia Riddick, his next friend, against L. M. Goodman and R. E. Glover, sergeant, etc., to enjoin the execution of the writ of possession and declare the deed of conveyance from the trustee to L. M. Goodman, a cloud upon Riddick's title.

The Circuit Court of the city of Portsmouth, in its final decree, from which this appeal was allowed, held that the lots in controversy are the property of Richard H. Riddick, Jr., and that L. M. Goodman has no title thereto.

The complainant makes only one assignment of error: "The decree is contrary to the law and the evidence and without evidence to support it."

It plainly appears from the evidence that L. M. Goodman lent $477.70 to pay the purchase price of the property in question, and took a deed of trust from Richard H. Riddick, Jr., and Theodosia Riddick, his wife, to H. C. Kruger, trustee, to secure the payment of the same; that H. C. Kruger, trustee, upon default in the payment of this note, sold the property to L. M. Goodman, the highest bidder, by public auction, for $425.00; that Richard H. Riddick, Jr., and Theodosia, his wife, executed the deed of trust to H. C. Kruger,

trustee, on the same date on which the property was conveyed to Richard H. Riddick, Jr., by deed from L. O. Irving and wife, and the two deeds were simultaneously recorded. Under these facts, the purchase money mortgage standing in the name of H. C. Kruger, trustee, who holds the legal title to the land, takes priority over any other claim or lien against the property.

In 19 R. C. L., page 416, the law is stated thus: "It is a general rule, to which there is little dissent, that a mortgage on land executed by the purchaser of the land contemporaneously with the acquirement of the legal title thereto, or afterwards, but as a part of the same transaction, is a purchase money mortgage, and entitled to preference as such over all other claims or liens arising through the mortgagor though they are prior in point of time; and this is true without reference to whether the mortgage was executed to the vendor or to a third person. The reason for the rule most frequently given is that the execution of the deed and of the mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands, and without stopping vests in the mortgage, and during such instantaneous passage no lien of any character can attach to the title. The deed and mortgage need not be executed at the same moment, nor even on the same day, to make them contemporaneous, provided they were parts of one continuous transaction, and so intended to be, so that the two instruments should be given contemporaneous operation in order to promote the intent of the parties.

"The claim of a trustee holding legal title to land for money advanced by him to pay the purchase price thereof is superior to the dower of the widow of the deceased."

In the same volume, the author, at page 1336, says: "It is well settled that the fact that one conveys land by a name somewhat different from that by which he was described in the recorded instrument by which he obtained title does not prevent his grantee from taking title, the identity of the grantor as the title holder being presumed if the names are *idem sonans*, and being a matter of proof if they are not, and accordingly the marketability of the title is not affected thereby."

To allow Richard H. Riddick, Jr., to take and hold the title to the lots in question would be to work a fraud upon L. M. Goodman. He lent the money to pay the purchase price of the property, and bought the property at the trustee's sale in order to protect himself against loss.

We are of opinion that Goodman holds a clear legal title to the property, and the decree will be reversed.

*Reversed.*