## CIRCUIT COURT OF BOTETOURT COURT

Robert Gallew, Jr.

v.

Louis Dale Roberts and
Helen W. Roberts

December 13, 1978

By JUDGE ROSCOE B. STEPHENSON, JR.

In this ejectment action, the plaintiff, Robert E. Gallew, Jr., seeks to recover a certain tract of land which was purchased by the defendants, Louis Dale Roberts and Helen W. Roberts, for a valuable consideration.

The motion for judgment and amended motion for judgment allege the following facts: By deed dated October 18, 1958, and recorded in the Clerk's Office of this court in Deed Book 135, at page 295, Burie R. Wiley and Mary C. Wiley, his wife, conveyed unto Robert E. Gallew, Jr., the plaintiff, the real property which is the subject of this litigation, and the said plaintiff, being vested with the fee simple title thereto, moved upon said property on or about January 1, 1959. Robert E. Gallew, Jr., was born on October 6, 1944. By deed of trust dated October 20, 1964, recorded in said Clerk's Office in Deed Book 166, at page 268, Robert E. Gallew and Bessie Gallew, husband and wife, the plaintiff's parents, conveyed the subject property to Lawrence L. Tapscott and Harvey S. Lutins, Trustees, in trust to secure the payment of a debt owing to Virginia-Carolina Mortgage Company in the amount of $2,027.67. Following the description of the subject property in said deed of trust, is this recital: "being the same land conveyed to Robert E. Gallew and Bessie Gallew, by deed from B. R. Wiley and wife, Mary Crawford, of record in Deed Book 135, page 295." When said deed

of trust was executed, the plaintiff was still an infant. Following a default in the payment of said debt, a foreclosure sale was held at which North American Acceptance Corporation became the purchaser of the subject property, and thereafter, the trustees, by deed dated June 15, 1966, and recorded in said Clerk's Office in Deed Book 173, at page 712, conveyed the subject property to said purchaser, North American Acceptance Corporation, with special warranty of title. By deed dated September 12, 1969, and recorded in said Clerk's Office in Deed Book 188, at page 148, North American Acceptance Corporation conveyed the subject property to the defendants, with general warranty of title, and thereupon the defendants took possession of same.

The defendants, by their demurrer, contend that the motion for judgment, as amended, is insufficient at law, because "on the face of the record, there is nothing to show that they, in fact, do not have legal title to the tract or parcel of land in question." (*See* Defendant's Memorandum in Support of Demurrer, p. 1-2). They argue that "the suffix Jr. or Sr. bear no legal meaning, and is no part of a name." In support of this argument, the defendants rely on *O'Bannon* v. *Saunders*, 65 Va. (24 Gratt.) 138 (1873), and *Goodman* v. *Riddick*, 152 Va. 693, 148 S.E. 695 (1929).

*O'Bannon* held that a judgment in the name of "John S. Barbour," as a judgment debtor, was valid against "John S. Barbour, Jr.," because " 'Jr.' is no part of the name, but a mere descriptio personnae, and may be rejected as surplusage." 24 Gratt., at 146.

In *Riddick*, a case quite similar to the present case, the facts, as quoted from the opinion, were as follows:

> On March 24, 1923, L. O. Irving and wife, at the request of Richard H. Riddick, father of Richard H. Riddick, Jr., an infant, conveyed to Richard H. Riddick, Jr., four certain lots of land in the City of Portsmouth, Va. . . . On the same date Richard H. Riddick executed a deed of trust, signing his name Richard H. Riddick, Jr., by which he and Theodosia Riddick, his wife, conveyed to H. C. Kruger, trustee, (the land in controversy). . . to secure the payment of $477.70, due L. M. Goodman upon

a note secured by deed of trust, signed by Richard H. Riddick, Jr., and wife, for that sum. This deed of trust contained this provision: "It being the same property conveyed to said Richard H. Riddick, Jr., by deed of L. O. Irving dated March 24, 1923, and to be recorded simultaneously herewith."

L. M. Goodman, having bought the property from the trustee at a sale made under that deed, instituted an action of ejectment against Richard H. Riddick, Jr., in which a writ of possession was granted.

The suit in the instant case was then instituted by Richard H. Riddick, Jr., an infant eight years of age, by Theodosia Riddick, his next friend, against L. M. Goodman and R. E. Glover, Sergeant, etc., to enjoin the execution of the writ of possession and declare the deed of conveyance from the trustee to L. M. Goodman a cloud upon Riddick's title.

The trial court held in favor of Riddick, but in reversing that holding, the Virginia Supreme Court of Appeals said:

"It is well settled that the fact that one conveys land by a name somewhat different from that by which he was described in the recorded instrument by which he obtained title does not prevent his grantee from taking title, the identity of the grantor as the title holder being presumed if the names are idem sonans, and being a matter of proof if they are not, and accordingly the marketability of the title is not affected thereby."

To allow Richard H. Riddick, Jr., to take and hold the title to the lots in question would be to work a fraud upon L. M. Goodman. He lent the money to pay the purchase price of the property, and bought the property at the trustee's sale in order to protect himself against loss.

We are of opinion that Goodman holds a clear legal title to the property, and the

decree will be reversed. 152 Va. 699, 148 S.E. 696.

In his Memorandum, counsel for the plaintiff, endeavoring to distinguish between *Riddick* and the present case, says:

> In *Riddick* a father transferred his son's land through forgery. The father signed the transfer deed as "junior." Subsequent purchasers had no constructive notice that the transferor lacked title. Furthermore, this case underscores the importance of the suffix.

The only distinction between the two cases is that in the present case the grantor's name did not include the suffix "Jr." But, the grantor expressly represented himself as being the same person as Robert E. Gallew, Jr., when he stated that the land conveyed was "the same land conveyed to *Robert E. Gallew* and Bessie Gallew, by deed from B. R. Wiley and wife, Mary Crawford, of record in Deed Book 135, page 295." (Emphasis added.) Therefore, I am of opinion that this is a distinction without a material difference.

In 77 Am. Jur. 2d, *Vendor and Purchaser*, § 153, p. 335, the following is stated:

> One of the essentials to a good title to land is that the different instruments in the chain of title shall show a direct connection between the different owners; hence, any substantial variation between the name of the grantee in one instrument and of the grantor in the following instrument, if the variation is such that the two names are not idem sonans, will render the title unmarketable. This is true as to variations between Christian names, and also between the surnames, of a grantee in one instrument and the grantor in the following instrument, or between the name of the mortgagee in a mortgage and his name in a subsequently executed discharge or satisfaction. *Title is not, however, affected by a variation in the names of the party in the instrument vesting him with the title and in divesting him of the title where*

*the two names are idem sonans.* (Emphasis added.) *See also* 57 A.L.R. 1478 *et seq.*

In the present case, the property was conveyed to Robert E. Gallew, Jr. In the deed of trust the grantors were Robert E. Gallew and Bessie Gallew, husband and wife. It is significant, I think, as previously noted, that the deed of trust expressly states that the land conveyed was "the same land conveyed to *Robert E. Gallew and Bessie Gallew*, by deed from B. R. Wiley and wife, Mary Crawford, of record in Deed Book 135, page 295." (Emphasis added.) In view of this recital, any purchaser would naturally conclude that the grantee in the deed (Robert E. Gallew, Jr.) and the grantor in the deed of trust (Robert E. Gallew) were one and the same. Indeed, the above quoted recital in the deed of trust says, in effect, that they are one and the same. No other meaning could be given to this recital.

Therefore, I am of opinion that, by reason of these obvious and undisputed facts, the two names (i.e., Robert E. Gallew, Jr., and Robert E. Gallew) are idem sonans. This being so, the defendants acquired title to the subject property, and, therefore, their demurrer is sustained.