# CIRCUIT COURT OF THE CITY OF WINCHESTER

Kathleen L. Lewandowski et al.

v.

F. & M. Mortgage Services, Inc.,
t/a F. & M. Mortgage Co., et al.

November 12, 1999

Case No. (Chancery) 99-136

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Defendants' Motion for Summary Judgment and the parties' memoranda of authorities. The Plaintiffs are judgment lien creditors and the Defendants are mortgagees and subsequent purchasers who dealt with the judgment debtor, and the issue in this case is the extent to which the judgment lien creditors have an interest in the subject property.

### I. *Statement of Material Facts*

The following material facts are not in dispute.

On June 27, 1996, Kathleen L. Lewandowski obtained judgment against John S. Lewandowski in the amount of $12,533.68 in the Circuit Court of Berkeley County, West Virginia, ("Lewandowski Judgment"). On August 19, 1996, the Lewandowski Judgment was docketed in the Circuit Court of the City of Winchester.

By Deed dated February 6, 1998, recorded February 10, 1998, John S. Lewandowski acquired title to 336 Gray Avenue in the City of Winchester,

Virginia, ("the property") and which Deed appears in Deed Book 286 at Page 687, for the consideration of $85,500.00.

John Lewandowski's purchase of the property was financed by Capitol Bankers Mortgage by a loan of $85,400 secured by a purchase money deed of trust dated February 6, 1998, recorded February 10, 1998, which was recorded right after Lewandoski's deed.

On February 10, 1998, John Lewandowski conveyed the property to himself and his wife, Kathleen V. Lewandowski, by Deed of Gift as tenants by the entirety with common law right of survivorship, by a deed recorded on February 13, 1998.

On March 23, 1998, in the Circuit Court of Berkeley County, West Virginia, judgment was entered in favor of Hall, Monahan against John S. Lewandowski in the amount of $8,571.00 (Hall, Monahan judgment), and on the same date and in the same Order, a judgment was entered against John S. Lewandowski in favor of Nichols & Skinner in the amount of $4,568.12 (Nichols & Skinner judgment). The Hall, Monahan judgment and Nichols & Skinner judgment were later docketed in the Circuit Court of the City of Winchester on April 30, 1998.

On September 4, 1998, Buchbauer & McGuire, Attys., obtained judgment against John S. Lewandowski in the amount of $5,455.77 (Buchbauer & McGuire judgment). The Buchbauer & McGuire judgment was docketed on September 4, 1998.

On May 25, 1999, in a *bona fide* sale for value, the Defendants, John S. Lewandowski and Kathleen V. Lewandowski conveyed the property to the Defendants, Timothy A. Alley, Johnnie S. Alley, III, and Diane Thomas ("Alley et al.").

The HUD-1 closing statement for the May 25, 1999, sale shows that John S. Lewandowski was required to bring the sum of $804.13 to the closing agent in order to close, but that his equity in the property (sales price less taxes and mortgage pay off) was $7,083.47.

The Capitol Bankers Mortgage purchase money deed of trust was not released until after the conveyance had been completed to Alley, because the proceeds of the sale from Alley and their lender, the Defendants F. & M. Mortgage Services, Inc., and Virginia Housing Development were used to pay off the Capitol Bankers Mortgage deed of trust.

The Plaintiff's judgment lien creditors claim that, because their judgments were recorded before the 1999 Capitol Bankers Mortgage, they have priority over it and the F. & M. and VHDA deeds of trust, which are also purchase money deeds of trust.

## II. *Conclusions of Law*

At the outset, it is important to note that there are both priority of classes of liens against real property and priority within each class of liens. Some classes of liens take priority over others, and within a class the liens take priority in order of perfection. In terms of priority, the first class of liens against real estate are governmental tax liens, which take priority over all other liens. "There shall be a lien on real estate for the payment of taxes and levies assessed thereon prior to any other lien or encumbrance." Virginia Code § 58.1-3340.

The next class of liens pertinent to this case are purchase money deeds of trust which take priority over judgment liens. The rule was clearly stated in *Goodman v. Riddick*, 152 Va. 693, 696, 148 S.E. 695, 696 (1929):

> [A] mortgage on land executed by the purchaser of the land contemporaneously with the acquirement of the legal title thereto, or afterward, but as a part of the same transaction, is a purchase money mortgage, and entitled to preference as such over all other claims or liens arising through the mortgagor though they are prior in point of time; and this is true without reference to whether the mortgage was executed to the vendor or to a third person.

*See generally* 55 Am. Jur. 2d, *Mortgages*, § 325 (1996). "The rule giving the priority to purchase money mortgages over outstanding interests acquired through the mortgagor has been applied to outstanding judgments of execution liens ... ." 55 Am. Jur. 2d, *Mortgages*, § 326 (1996). "The [judgment] creditor is not treated as a purchaser. He has no equity whatever [in the judgment debtor's land] beyond what belongs to the debtor." *Summers v. Darne*, 31 Gratt. (72 Va.) 791, 801, *quoted with approval in Charlottesville Hdw. Co. v. Perkins*, 118 Va. 34, 38 (1915). Accordingly, as the Supreme Court noted in *Charlottesville Hdw. Co. v. Perkins*, 118 Va. 34, 41 (1915), *quoting Minor on Real Property*, § 693, vol 1, p. 774:

> And for the same reason, if land be sold to a judgment debtor and, *as a part of the same transaction,* he reconveys it to a trustee to secure the purchase money, he [the judgment debtor] will not have acquired such a beneficial interest in the land as will permit the lien of the judgment to attach to any part of it *except the equity of redemption.* [Emphasis added.]

*Accord Van Nostrand & Co. v. Va. Zinc & Chem. Corp.*, 126 Va. 131, 137, 101 S.E. 65 (1919). *See generally* S. Parham, *A Virginia Title Examiners' Manual*, § 25-5 (1973). Applying these principles to the facts of this case means that the Lewandowski judgment which was docketed prior to John Lewandoski's creation of a tenancy by the entireties with his new wife by the February 10, 1998, deed of gift would attach to John Lewandoski's equity of redemption.

Generally, judgment liens attach when recorded in the judgment lien docket book. "Every judgment for money rendered in this Commonwealth by any state or federal court … as provided by law, shall be a lien on all real estate of or to which the defendant in the judgment is or becomes possessed or entitled, from the time such judgment is recorded on the judgment lien docket … ." Virginia Code § 8.01-458. Virginia is a race notice jurisdiction, so first in time takes priority. "Judgments against the same person shall, as among themselves, attach to this real estate and be payable in the order of the priority of the lien of such judgments." Virginia Code § 8.01-459.

The judgment lien of John Lewandoski's first wife in the amount of $12,533.68, the Lewandoski judgment, was docketed both first in time and before the deed of gift, so it attached first to John Lewandoski's equity of redemption. The March 25, 1999, HUD-1 shows that John and his new wife sold the property for $92,910. Applying the above principles and priorities produces the following calculation of John Lewandoski's equity of redemption at the time of the May 25, 1999, sale:

| | | |
|---|---|---|
| Sales Price | | $92,910.00 |
| Less: City taxes | $163.55 | |
| F. & M. first | | |
| deed of trust | $85,662.98 | -$85,826.53 |
| | | |
| Owner's Equity | | $7,083.47 |

The "doctrine of instantaneous or transitory seisin," which the defendants rely upon and which holds that the judgment debtor's title is conveyed to the grantee and then from the grantee to the purchase money mortgagee so quickly that no interest such as a judgment lien has time to attach to it, applies only to a purchase money deed of trust. This theory whereby the grantee-mortgagor serves as a mere conduit does not operate to prevent this result, because this doctrine was developed to protect the rights of mortgagees who give value; it

was never intended to shield the judgment debtor's actual interest in the real estate from his creditors.

The second set of competing judgments are those of the plaintiffs, Nichols and Skinner, L.C.; Hall, Monahan, Engle, Mahan and Mitchell; and Buchbauer & McGuire, all three of which judgments are against John Lewandowski alone and were docketed after Lewandowski had conveyed the property to himself and his new wife as tenants by the entirety subject to the purchase money deed of trust. Assuming without deciding that this deed of gift transaction was not in fraud of creditors, which is probably academic since the Lewandoski judgment exceeds the owner's equity, these judgment liens did not attach to John Lewandoski's equity. "We have stated, clearly and without equivocation, that real property held as tenants by the entireties is exempt from the claims of creditors who do not have joint judgments against the husband and wife." *Rogers v. Rogers*, 257 Va. 323, 326, 512 S.E.2d 821 (1999), *citing Vasilion v. Vasilion*, 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951). *Accord Oliver v. Givens,* 204 Va. 123, 129 S.E.2d 661 (1963); *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951); *In re Zimpel*, 106 Bankr. 451 (Bankr. E.D. Va. 1989); and 9B M.J., *Husband and Wife*, § 29.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. Kathleen L. Lewandowski has a judgment lien against the owner's equity of redemption in the subject property to the extent of $7,083.47, which interest is superior to that of the defendants Timothy J. Alley, Johnnie S. Alley, III, and Diane Thomas.

2. The Hall, Monahan, Engle, Mahan & Mitchell; Nichols and Skinner, L.C.; and Buchbauer & McGuire judgment liens did not attach to the subject property.

3. The purchase money deeds of trust of F. & M. Mortgage Services, Inc., and the Virginia Housing Development Authority are superior to the judgment lien of Kathleen L. Lewandoski.

4. This case is continued on the court's docket for further proceedings.