# CIRCUIT COURT OF AUGUSTA COUNTY

Franklin A. Fisher, Jr.

v.

Jill E. Surratt,
a/k/a Jill W. Surratt

December 8, 2015

Case No. CL15001151-00

By Judge Victor V. Ludwig

Franklin A. Fisher, Jr., the current owner in fee simple of a parcel commonly known as 792 Ladd Road, Fishersville (the Fisher Property), brings this action claiming that Jill E. Surratt is in unlawful possession of a portion of the Fisher Property. Surratt responded by filing a Motion for Misjoinder of Necessary Parties. For the reasons stated below, the Court denies the Motion.

## I. *Facts*

Fisher alleges that, by deed dated in July of 1991, Surratt and Douglas Surratt, her husband (now deceased), acquired property located at 786 Ladd Road (the Surratt Property), bordering the Fisher Property, from Gary W. Cash, who was then also the owner of the Fisher Property. In 1993, Cash granted Douglas Surratt permission to erect two sections of fence across a 20 foot driveway located on the Fisher Property bordering the Surratt Property (the Driveway), with the understanding that the Surratts would mow the driveway and that they would remove the fence on Cash's request.

In August 1994, Cash conveyed to Fisher and his wife the Fisher Property by the following description

> All of that certain tract or parcel of land, together with all buildings and improvements thereon, and all rights, privileges, and appurtenances thereunto belonging or in anywise appertaining, lying and being in Wayne District (formerly South River District), Augusta County, Virginia, containing 10.184 acres, more particularly described on a plat entitled "Physical Survey Cash Land for Gary W. and Melissa J. Cash, South River District, Augusta Co., Virginia," made by Tom

Shumate, Surveyor, Inc., dated April 6, 1988, of record in the Clerk's Office of the Circuit Court of Augusta County, Virginia, in Plat Book 1 at page 422; LESS HOWEVER, 1.485 acres conveyed by deed dated July 15, 1991, to Douglas H. Surratt and Jill E. Surratt, husband and wife, of record in the aforesaid Clerk's Office in Deed Book 1043, Page 356; LESS HOWEVER 3.405 acres designated and shown as Parcel A on the plat entitled "plat for Curtis W. & Mary Kathryn Dillow Wayne Dist. Augusta Co., Virginia." Dated August 18, 2014, made by James Brenneman, Certified Land Surveyor for Brenneman Engineering, which is attached hereto and recorded herewith, together with a non-exclusive easement for ingress and egress to Route 631 as shown on the aforesaid plat.

Fisher alerted Douglas Surratt that he planned to develop the Fisher Property and to use the Driveway for the purpose and that the Surratts would need to remove their fences. Douglas Surratt voiced no objection to this proposal. He died in November of 2012, leaving Surratt as the sole owner of the Surratt Property.

On May 5, 2014, Surratt, through a letter to Fisher's counsel, claimed title by adverse possession to the portions of the Fisher Property bounded by the fence. Fisher, unaware of Surratt's adverse possession claim, began dismantling the fence, prompting Surratt to attempt to remove Fisher from the property with the assistance of an officer of the Augusta County Sheriff's Office.

By Deed of Trust dated February 4, 2015, Fisher transferred legal title to G. William Watkins and Jeffrey D. Ward (Trustees) to secure a loan payable to DuPont Community Credit Union (the DCCUDT).

Fisher filed his Complaint on August 11, 2015. Surratt responded with the Motion, filed on September 2, 2015, alleging that the Trustees and the beneficiary of the deed of trust are necessary parties to the litigation. Fisher filed a Brief in Opposition to the Motion of Misjoinder of Necessary Parties on September 4, 2015. Surratt filed a Memorandum in Support of Motion of Misjoinder of Necessary Parties on October 8, 2015. Fisher filed a Reply Brief in Opposition to Motion of Misjoinder of Necessary Parties on October 16, 2015. The parties did not request an oral argument on the issue.

The Court must decide a single question: Are the Trustees on the DCCUDT necessary parties to this action?

## II. *Analysis*

Va. Code § 8.01-131 identifies the members of the class who may initiate an action of ejectment, and Va. Code § 8.01-132 refines that by limiting members of the class to those who have "a subsisting interest in

the premises claimed and a right to recover the same, or to recover the possession thereof, or some share, interest, or portion thereof." Obviously, a plaintiff is a necessary party.

Va. Code § 8.01-133 defines the class of those who may be defendants: "The person actually occupying the premises and any person claiming title thereto or claiming any interest therein adversely to the plaintiff may also, at the discretion of the plaintiff, be named defendants in the action." As to any other necessary party, however, the Supreme Court has interpreted the language of the statute to mean that "the action must be brought against 'some person,' but not every person exercising ownership or claiming title to or an interest in the property." *Providence Props., Inc. v. United Va./ Seaboard Nat'l Tr.*, 219 Va. 735, 748 (1979).

One might infer that the Trustees would be included in the class of those "exercising ownership or claiming title to or an interest in the property." *Id.* Nevertheless, the Supreme Court of Virginia, in approving the "great weight of authority," stated "that an outstanding unsatisfied mortgage or deed of trust on land to secure a debt is regarded as a mere lien, and that the mortgagor or grantor may still maintain ejectment in his own name, and the defendant will not be permitted to set up the outstanding mortgage or deed of trust to defeat the action." *Gravatt v. Lane,* 121 Va. 44, 48 (1917).

To the extent it makes any difference in light of statutory and case law specifically addressing an action in ejectment, I note that the case of *Goodman v. Riddick,* 152 Va. 693 (1929), cited by Surratt, is inapposite. On facts that are, at best, confusing, the Supreme Court of Virginia addressed the priority of a purchase money deed of trust over all other liens or claims against the purchaser even though the claims are earlier in time than the conveyance which gives rise to the purchase money deed of trust. *Id.* The explanation for that is "that the execution of the deed and of the mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands, and without stopping vests in the mortgagee, and during such instantaneous passage no lien of any character can attach to the title." *Id.* at 696.

More recently, in *Providence,* the Supreme Court affirmed the *Gravatt* decision on that specific point and went even further. 219 Va. at 748. More than saying that a grantor of a deed of trust could bring the action and not include as a defendant the trustees of an encumbering deed, it denied the petition of trustees on a deed of trust to intervene in an ejectment action. *Id.* at 749.

I recognize that *Providence* is not precisely on point because of the identity of the party found not to be necessary (indeed, not even desirable). The common grantor in *Providence* is Norris, who conveyed property of ambiguous description to the Reids, creating an issue of what was conveyed and what retained. 219 Va. at 738. It is the Reids, through the executor of the last survivor, who are the plaintiffs. *Id.* at 741. Hence, Fisher (in our

case) stands in the stead of the Reids (in the *Providence* case). Whatever real property remained to Norris ultimately was conveyed to Providence. Hence, Surratt (in our case) stands in the stead of Providence (in the *Providence* case). Providence conveyed its property, in a deed of trust, to Virginia National. *Id.* at 742. It is here that the corresponding parties differ. Surratt wants Fisher to join the Trustees of Fisher's deed of trust, not the trustees of Surratt's deed of trust. In *Providence,* it was the beneficiary of Providence's deed of trust (read Surratt's deed of trust) who wished to intervene. *Id.* at 738.

Fisher, as the plaintiff, is a necessary party, and he can, as stated by *Gravatt,* maintain the ejectment in his own name. Surratt is actually occupying the premises at issue, so she is a necessary party. As established by Va. Code § 8.01-133 and *Providence,* Fisher has the discretion whether to name as a defendant any other person or entity claiming interest or title as a defendant. Hence, it is only necessary that Fisher and "some person" with an adverse interest, in this case Surratt, be parties to this ejectment action.

Surratt argues that Va. Code § 8.01-133 and the Court in *Providence Props., Inc.,* anticipated deeds of trust more similar to the form prescribed in Va. Code § 55-58 and not one containing the contractual obligations of the DCCUDT. That is a possible argument only in a world of speculation and a leap into the unknown which the Court is unwilling to make.

First, Va. Code § 8.01-166 does not specifically refer to a deed of trust as being the only vehicle which might create an interest adverse to the plaintiff; so it cannot possibly be referring to any particular form of deed of trust, regardless of its complexity; indeed, the only specific form of instrument to which the language of the statute refers as creating the interest is a lease. For that matter, there is no reference to a deed of trust or mortgage anywhere in Article 14 except in Va. Code § 8.01-147, and that is in a context that is irrelevant to the issue. Nor does the statute limit its application to interests created by uncomplicated documents (and the Court takes judicial notice that leases can be very complicated indeed). I do not gloss over the case of *Hanks v. Price,* 73 Va. (32 Gratt.) 107 (1879), specifically cited in *Providence.* There, however, the "statute under which the ejectment action was brought specifically gave a landlord the right to intervene." *Providence,* 219 Va. at 748. In the pending case, there is no corresponding statute, and Fisher did not grant that right to the Trustees. Finally, it is well established that the legislature is presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments evinces legislative acquiescence in the Attorney General's view. *Browning-Ferris, Inc. v. Commonwealth,* 225 Va. 157, 161-62 (1983) (quoting *Deal v. Commonwealth,* 224 Va. 618, 622 [1983]). That principle is even more persuasive when the General

Assembly does not make corrective amendments in light of the ultimately authoritative pronouncement of the Supreme Court of Virginia.

Even if this Court were inclined (which it never is) to read into the statute language cut from whole cloth,[1] recognizing that the deed of trust in the instant case is more complex than the statutory form, the DCCUDT contains no clauses which affect Fisher's obligations in relation to ejectment. Fisher has not, as Surratt asserts, "contracted away his otherwise discretionary authority." (Def.'s Mem. 3.) The nearest provision of such a nature which Surratt cites (one which imposes an affirmative obligation on Fisher to act, rather than a right of the lender to act) yields just the opposite conclusion. She notes that Fisher has an obligation to "give notice to the lender of 'any legal proceedings that may significantly affect lender's rights in the property'." (Def.'s Mem. 2.) Had the lender required that it be joined any an action in ejectment, this would have been an appropriate place to require it; rather, it required only notice, yielding the necessary implication that it did not require more.

Even addressing this issue is somewhat troubling. It is as though Surratt is asking that the Court not only construe Va. Code § 8.01-133 to expand it to include language clearly not there but is also asking for what amounts to a declaratory judgment in construing the DCCUDT as a contract between Fisher and the Trustees, which is not properly before the Court. I note that Surratt is not even a party to that "contract," and she is not a third-party beneficiary; so I am curious how she intends to cause it to be enforced, either in the context of this suit or any other.

Surratt, relying on a 1928 treatise, also argues that the Trustee's intervention in litigation "is usually made needful . . . when the title to the Trust subject is clouded." R. C. Minor, *The Law of Real Property* (2d ed. 1928). While treatises can be persuasive, they do not outweigh contrary court decisions and statutes, and the principles they promote are certainly diluted when they are asserted prior to the enactment of inconsistent statutes and precedential case law that address the issue. Accordingly, the Court looks to the relevant guidance provided by the General Assembly and the Supreme Court of Virginia when, as in this case, they have spoken on the matter.

For the reasons stated, the Court denies the Motion.

---

[1] We may not, by interpretation or otherwise, "add to a statute language which the legislature has chosen not to include." *County of Amherst Bd. of Supervisors v. Brockman,* 224 Va. 391, 397 (1982) (citing *Allen v. Mottley Const. Co.,* 160 Va. 875, 889-90 (1933); *Town of Danville v. Pace,* 66 Va. (25 Gratt.) 1, 4-5 (1874)).